Fowler v. Willis.

FOWLER AND OTHERS V. WILLIS.

The person who appears to be the legal holder of a promissory note may maintain an action upon it in his own name, whether he have a beneficiary interest therein or not.
Where the maker of a promissory note has a defense against the person who has the beneficiary interest therein, and the suit is brought in the name of a third person, who appears to be the legal holder, the maker should show in his answer who is the beneficiary of the note, and state the facts constituting his defense.
Where the defendant alleged in his answer that a third person was the legal and equitable owner of the note sued on, and that the same was fraudulently transferred to the plaintiff, in order to defeat a defense which the defendant had against it: *Held,* On exception, that the answer was bad.

Error from Montgomery. This suit was brought in the [**47**] court below, by the defendant in error, on a promissory note made by the plaintiff in error, payable to one Halstead, and by him indorsed to the defendant in error. The defendants in the court below answered that the plaintiff is not the legal and equitable owner of the note sued on. They say the cause of action sued on was fraudulently transferred to the said Willis, the plaintiff, in order to defeat a defense which they had to any suit against them on said cause of action. They represent that the said note was only pretendedly transferred to said Willis as collateral security for a debt due by the said Halstead to the said Willis, which said debt of Halstead to Willis was for less than the amount of said note. They allege that the said Halstead is the legal and equitable owner of the said cause of action, and that the same was, as aforesaid, fraudulently transferred to said Willis; and that the said Willis had full notice that the defendants, Fowler & Clepper, had a full and sufficient defense to said suit.

The plaintiff excepted to the defendants' plea, and the exception was sustained by the court.

*Gillespie,* for plaintiff in error.

*N. H. Davis,* for defendant in error.

LIPSCOMB, J. The judgment of the court in sustaining the exception constitutes the ground of the supposed error on which the plaintiffs in error seek a reversal of judgment in this case.

In the case of Thompson and Cartwright, (1 Tex. R., 87,) we have laid down the doctrine that "the person who appears to be the legal holder of a promis-"sory note may maintain an action upon it in his own name. There is no "doubt a case might appear in which the maker ought to be allowed to prove "the fact of ownership for the purpose of letting in any defense arising between "himself and the person having the beneficial interest in the note; and under "our system of jurisprudence [**48**] defenses of that character could be made "available in an action like the one under consideration; not, however, by a "plea in abatement, *but by setting up such matters of defense specially in the* "*answer.*" If our system recognized any distinction between law and equity in adjudicating on right and remedies, to make such defense would in most cases drive the defendant out of the court of law to seek his remedy in a court of chancery; but with us the object is much more speedily and conveniently attained by a special plea or answer describing particularly the defense. Subject the answer in this case to the rule laid down by this court, and just referred to, the question is relieved from all difficulty. It does not disclose what

the defense is, arising between the makers and payee, that would amount to a full and complete defense. It is alleged that it was conveyed to prevent a defense that would have prevented a recovery. But what is that defense? Was it payment, set-off, fraud, or a failure of consideration? If any one of them, it should have been particularly described, so that the plaintiff could have met such defense and showed that it did not really exist. We have so often ruled what was required in an answer setting up special matter of defense that it must now be well understood by the profession without further discussion. (See Mims v. Mitchell, 1 Tex. R., 443; Coles v. Kelsey, 2 Id., 541; Hall & Jones v. Jackson, 3 Id., 305; and Towner v. Sayre, ante, 28.) The authorities relied on by the plaintiff in error only show that such defense can be made; which we admit, but it must be set up as we have heretofore ruled.

Judgment affirmed.

