# Louisville Jeans Clothing Company v. Lischkoff.

*Action on  Attachment Bond, for Damages.*

1. *Evidence as to value of goods; what is inadmissible.*—On the trial of an issue as to the market value of goods, evidence of what they cost at some indefinate time in the past is not admissible.

2. *Same.*—Where a witness has testified on his direct examination as to the value of certain goods, it is not error to refuse to allow him to be asked, on cross-examination, if he made a profit on goods sold by him to certain persons for more than a year before, it not being shown that the goods inquired about on the cross-examination were of the same class as the goods in reference to which the witness testified on his direct examination.

3 *Opinion of witness as to value of stock of goods; competency of.*—A witness who testified that he had been in the fire insurance business for about twenty years at the place where the stock of goods in question was located, that he had frequently had occasion to estimate the value of similar stocks of goods, and was thoroughly familiar with the prices of such goods at that place, was competent to testify that the price brought by the stock of goods in question at sheriff's sale was very low.

4. *Action on attachment bond; when defendant is not responsible for malice of his attorney* —In an action on an attachment bond, claiming damages for the wrongful and vexatious suing out of the writ. where the defendant's attorney sued out the attachment, in the absence of any evidence that defendant authorized or participated, in the malice or wantonness of his attorney, conversations had by the attorney with other persons previous to suing out the attachment are no admissible against the defendant as ground for vindictive or exemplary damages.

5. *Same; when conversations of defendant's attorney are admissible against him.*—Where, in an action on an attachment bond, there was a count for the wrongful, as well as for the vexatious suing out of the process, and the writ was sued out by the defedant's attorney, evidence of conversations had by the attorney with others prior to suing out the attachment, in reference to the disposition by plaintiff of his property, was admissible, over an objection that such conversations were immaterial, irrelevant and illegal, to establish defendant's liability for actual damages, if the writ was wrongfully sued out.

6. *Impeaching witness by evidence contradicting immaterial statements by him, not allowed.*—Where a witness for one party has testified to

collatural and irrelevant statements made to a third person, it is not competent for the other party to introduce evidence to contradict such statements.

APPEAL from the Circuit Court of Tuscaloosa.
Tried before the Hon. S. H. Sprott.
This was an action by Samuel Lischkoff, the appellee, against The Louisville Jeans Clothing Company and John Little, the appellants, the principal and the surety, respectively, on an attachment bond. From a judgment for the plaintiff, the defendants appeal. The errors assigned relate to the rulings of the trial court on questions of evidence. The plaintiff testified on direct examination that his stock of goods was worth in the Tuscaloosa market $7,000.00. Upon cross-examination, defendants' counsel asked said witness the following question : "Did not the goods cost you, laid down here, 33⅓ per cent. off from the $7,000.00?" Plaintiff's counsel objected to this question, the court sustained the objection, and to this ruling of the court the defendants duly excepted. Plaintiff testified that ever since he had been engaged in business in Tuscaloosa he had been selling goods in wholesale lots to one Wegranski, in Selma, Alabama, and to a merchant in Meridian, Miss., who was also a distant relative of the plaintiff; that for more than a year prior to the levy of the attachment he had been selling goods at wholesale to H. L. Zeibert, who was a merchant running a store at Tuscaloosa, and also a small store at Carbon Hill, Alabama. Upon cross-examination, plaintiff was asked if he was making a profit of 33⅓ per cent. upon the goods he was selling to relatives mentioned. Plaintiff's counsel objected to this question, which objection was sustained by the court, and to this ruling of the court the defendants duly excepted.

W. F. Fitts, Sr., a witness for plaintiff, testified that he had been in the fire insurance business in Tuscaloosa for about twenty years ; that he had frequently had occasion to estimate the value of stocks of goods such as the plaintiff's ; that he was thoroughly familiar with the prices of such goods in Tuscaloosa; that he was present at the sheriff's sale of said goods ; that he was informed that the entire stock brought only $3,200.00 ; that this was a very low value for said goods. Upon cross-exam-

inattion the witness was asked if he saw all the goods sold and whether he knew their value and quantity. He answered, "I did not see all the goods sold. I know of my own knowledge what the goods brought while I was there, and I know they were sold greatly below their market value. I know too that the entire stock was greatly sacrificed at $3,200.00, for the goods were worth a good deal more than that." Defendants' counsel moved to exclude this witness' testimony that $3,200.00 was a very low value for the said goods, and his testimony that the entire stock was greatly sacrificed at $3,200.00, on the ground that the witness was not shown to be competent to testify as to how the goods sold at sheriff's sale, and on the ground that the testimony was illegal; which motion was overruled by the court, and to this action of the court the defendants duly excepted.

The plaintiff's counsel asked W. F. Fitts, Sr., if W. C. Fitts, as agent or attorney for defendants, had been talking with him about the creditors of Lischkoff attaching; or had made any inquiries of him about the plaintiff's business a short time before said attachment was sued out, and if so what inquiries were made, and what answers were made to such inquiries  This question was objected to by defendants' counsel, on the ground that it called for immaterial, irrelevant and illegal testimony, which objection was overruled by the court; to which ruling of the court the defendants duly excepted. To this question W. F. Fitts, Sr., replied: "W. C. Fitts, as agent or attorney for defendant, did come and talk with me about the creditors of Lischkoff attaching him, and said he was representing some of the creditors, and that one of the reasons he thought Lischkoff was not acting squarely was that he was making shipments of goods to one Wegranski of Selma, and to one —————, in Meridian, Miss., and asked me if I knew of such shipments to these parties, and I told him I did, and that he had been making such shipments to said parties ever since he had been in business in Tuscaloosa. Defendants' counsel then moved to exclude this answer of the witness, on the ground that the same was immaterial, irrelevant and illegal, which motion the court overruled, and to this action of the court, the defendants duly excepted.

One Herman Frieder was introduced as witness for

the defendants, and, on direct examination, testified, among other things, that he was a confidential clerk of Lischkoff at the time said attachment was sued out ; that he was in the store at the time the sheriff made the levy and took possession of the stock of goods. That Lischkoff was away from the store and at dinner : that a short time before the levy was made, he went and told Lischkoff that the sheriff was going to levy on his stock of goods, and that he returned to the store before the levy was made, and was there when the sheriff came in. Witness further testified that Lischkoff turned over to H. L. Zeibert large quantities of the goods in his store, at various times, which goods were not paid for by Zeibert, and which Lischkoff was to get back as soon as his financial troubles were over. On cross-examination by plaintiff's counsel, said witness testified that he, Frieder, was not at all excited at the time of the levy and did not tell Lischkoff he had better save himself and to take the cash out of the drawer. Witness testified further that he took the cash out of the drawer ; that when he asked Lischkoff about his wages Lischkoff told him to take a suit of clothes ; that he took the suit before the sheriff came to the store and carried it to one Dershide. a tailor, to have it made for him ; that he told Dershide that Lischkoff was going to be closed, and that he, Frieder, had taken this suit of clothes for his wages ; that he did not have the cash that was taken from the drawer in his hands and did not show it to Dershide. In rebuttal, plaintiff introduced the said Dershide as a witness in his own behalf. Plaintiff's counsel asked this witness the following question ; ''Did you see Frieder on the day the attachment was levied on Lischkoff, and if so, state whether he told you that he had told Lischkoff the sheriff was going to close up his store, and that he had better save himself and take the cash out of the drawer ; and that the damn fool wouldn't do it ; and that he, Frieder, had taken a suit of clothes from the stock?" To this question defendants' counsel objected, upon the ground that the same was irrelevant and immaterial, and upon the further ground that a witness cannot be impeached by being contradicted as to matters not material to the issue, and upon the still further ground that a witness cannot be impeached by evidence of specific acts. The court overruled the objection, to which ruling of the

court the defendants duly excepted. Witness Dershide then testified as follows: "Frieder came to my shop the day the levy was made, and said he had told Lischkoff the sheriff was going to close up his store and that he had better save himself and take the cash out of the drawer, and that the damn fool wouldn't do it, and that he, Frieder, took it himself. He also said that he had taken a suit of clothes from the stock, and he left it with me to make some changes in it." Plaintiff's counsel also asked this witness if Frieder was in a hurry, and very much excited, and if he showed him, Dershide, the money he had taken from the cash drawer. To this question defendants' counsel objected on the ground that the same called for illegal and irrelevant testimony, and on the further ground that the witness Frieder could not be impeached by evidence of specific acts. The court overruled this objection, to which ruling of the court the defendants excepted. The witness Dershide then testified: "Frieder was in a hurry and very much excited. He rattled the money in his pocket, but did not take it out." Defendants' counsel moved to exclude this testimony, because it was immaterial and irrelevant, and the witness could not be impeached by evidence of specific acts, and could not be contradicted on immaterial matters. The court overruled the motion; to which ruling of the court defendants duly excepted.

A. B. McEachin, W. C. Fitts, O. Somerville, and H. D. McCarty, for appellants.

G. W. VanHoose, and Foster & Hope, *contra*.

HARALSON, J.—1. Lischkoff, the defendant in attachment, being examined in his own behalf, testified that the goods levied on and sold, were worth in the market $7,000. On cross-examination he was asked, "Did not the goods cost you, laid down here, $33\frac{1}{3}$ per cent. off from $7,000?" The court properly refused to allow the question answered. What the goods cost, at some indefinite time in the past, could not fairly be looked to, as determining their present market value. Sometimes the market value of an article of merchandise in a given market is less than cost, and oftener more. The value is variable. "Probable *data* for the

assessment of damages should be sufficiently uniform in their nature and working, as to have acquired the qualities at least of a general rule.—*Adams v. Thornton*, 82 Ala. 263 ; 1 Sedg. on Dam. §§ 244, 245. The current market value of merchandise at a given time and place is a matter of fact, which may be proved like any other fact.—1 Suth. on Dam. § 445. The witness did not testify, as he seems to have done on another branch of this case on a former appeal, that the market value of the goods was their cost, with 33⅓ per cent. added.—*Little v. Lischkoff*, 98 Ala. 324. We consider the case as it is now presented.

For like reasons, there was no error in not allowing defendant to ask this witness, respecting sales he had been making to certain parties for more than a year before, if he was making a profit of 33⅓ per cent. on the goods so sold. He might or might not have made such a profit on the particular goods sold. and this would have been no fair criterion of the present value of the goods levied on. Besides, it was not shown that the goods sold to these parties were of the same class as the ones attached.

2. The motion to exclude the evidence of W. F. Fitts, Sr., as to the value of the goods, as for the objections raised to its admissibility, was properly overruled. To render such testimony admissible, it was unnecessary that he should have been shown to possess any peculiar skill to qualify him as an expert on the subject. —*East Tennessee, Virginia & Georgia R. R. Co. v. Watson*, 90 Ala 44 ; *Burks v. Hubbard*, 69 Ala. 380.

3. It does not appear in the abstract, by any direct statement, that W. C. Fitts, as attorney for appellants, sued out the attachment for them, but it is fairly inferable therefrom, and from the argument of counsel for appellants, that he did do so. If said attorney indulged malice, vexation or wantonness in the premises, his principals, the appellants, would not be responsible for it, unless they authorized or participated in it, which authorization or participation was necessary to be proved by defendant, and not inferred from the mere relation of principal and agent. There is no evidence here of any such authority or participation by appellants. In the absence of such proof, the conversations had by him with W. F. and J. H. Fitts, previous

to suing out the attachment, in reference to the disposition by plaintiff of his property, were not admissible against appellants, certainly, as ground for vindictive or exemplary damages. The objection to their introduction, and the ground for the after motion to exclude them, was, that they were immaterial, irrelevant and illegal. The objection did not refer to the admissibility of the evidence as touching vindictive or exemplary damages, but was interposed to its relevancy for any purpose. The suit is on the attachment bond. There appears to be a count for the wrongful, as well as for the vexatious suing out of the process. In such case, it is well settled, that the relation of principal and agent, when there is no evidence to connect the principal with the transaction, other than the fact that the agent sued out the process, fastens a liability on the principal for actual damages, if the writ be wrongful; and in this phase of the case, the evidence was clearly admissible. —*Jackson v. Smith*, 75 Ala. 102, and authorities there cited; *Montgomey & Eufaula R. R. Co. v. Chambers*, 79 Ala. 345.

4. The defendant examined one Frieder, who testified to facts tending to show that plaintiff had fraudulently disposed of his stock of goods. On cross-examination by plaintiff, he testified to certain statements made to one Dershide, collateral and really irrelevant to the issue, and which did not affect his credit in the case. If he had answered every question as plaintiff would have desired, as most favorable to him, it does not appear that it could have influenced the jury one way or the other. It was not competent for plaintiff to introduce a witness afterwards to contradict him as to such collateral and irrelevant statements, and, in allowing this to be done, the court erred.—2 Brick. Dig. 549, §§ 125, 126; *Amos v. The State*, 96 Ala. 120.

For this error the judgment of the court below is reversed.

Reversed and remanded.