### Jaeggli & Martin v. W. H. Phears.

#### Decided October 24, 1902.

**1.—Pleading—Prayer for Relief—Executory Contract and Action for Debt—General Demurrer.**

Where, in an action to recover the contract price for certain tombstones which plaintiffs had prepared and delivered to defendant, the petition set out the contract, stating all the facts, and, in addition to a prayer to recover the contract price, prayed for equity and general relief, plaintiffs were entitled to recover any damages shown to have been sustained by reason of the breach of the contract, and it was therefore error for the court to sustain a general demurrer to the petition on the ground that it showed upon its face an executory contract of sale for which damages afforded the only remedy and would not authorize a recovery for debt.

**2.—Same—Special Demurrer.**

Where a petition is sufficient as against a general demurrer, but, in addition to the prayer for general relief, seeks special relief to which the facts pleaded show plaintiffs are not entitled, such defect can be reached only by special exception.

**3.—Same—Delivery—Allegation of Contract Not Executory.**

Plaintiffs' petition sufficiently alleged a delivery of the tombstones, thereby entitling them to recover the contract price, instead of damages only, where it averred that they were to be shipped by plaintiffs to defendant, for which a specified price was to be "payable when delivered;" that they were so shipped;

that plaintiffs had fully performed their contract, and that defendant "fails and refuses to perform his part of said contract, and has wholly made default."

**4.—Same—Reservation of Title as a Lien.**

Where plaintiffs alleged that they had contracted to ship to defendant certain tombstones for a specified price to be paid on delivery, setting out the contract, and that they had shipped and delivered the tombstones to defendant, their right to recover the contract price was not defeated by reason of a clause in the contract which provided that the title in the tombstones should not pass until the contract price was paid.

Appeal from the County Court of Washington. Tried below before Hon. E. P. Curry.

*R. J. Swearingen,* for appellants.

*Bowers & Schulz* and *J. M. Mathis,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was commenced in the justice court. Omitting the formal parts, plaintiffs' original petition which was filed in the justice court is as follows:

"That heretofore, to wit, on the 15th day of May, 1901, the plaintiffs and the defendant entered into a written contract, by the terms of which the said Jaeggli & Martin agreed to ship to the defendant two marble tombstones, at Caldwell, Texas, during the month of October, 1901, or within a reasonable time thereafter, the height, thickness, design, and inscription of the said two marble tombstones being fully described in the written contracts above referred to, to which reference is hereby made and the same attached hereto and marked Exhibit A.

"That by the terms of said contract, the said W. H. Phears promised to pay to the said Jaeggli & Martin or order at Brenham, Texas, the sum of $85 for each of said tombstones, or in the aggregate the sum of $170 payable when delivered, with 10 per cent interest after that date until paid. That said contract also stipulated that in the event of default in the payment of the said sums at the maturity of the same and it is placed in the hands of an attorney or suit is brought on the same, then an additional amount of 10 per cent on the principal and interest shall be added to the same as collection fees.

"It was further agreed that the title to said tombstones shall remain in the said Jaeggli & Martin, and the same shall remain and be their property until the said sums are fully paid; that the said contract further specified that the same was not countermandable.

"That afterwards, to wit, on the 17th day of October, 1901, in compliance with their part of the aforesaid contract, Jaeggli & Martin shipped to the defendant two tombstones at Caldwell, Texas; that said tombstones were constructed in accordance with the terms of said contract, and that the plaintiffs have fully performed their part of said contract, but that the defendant, W. H. Phears, has failed and refused

and still fails and refuses to perform his part of the said contract, and has wholly made default, to plaintiffs' damages in the sum of $199.99.

"Wherefore, premises considered, plaintiff prays that process be issued to Lee County, Texas, commanding the said defendant to appear and answer this complaint, and that on the final hearing the plaintiffs have judgment for their debt, interest, attorneys' fees, and for such other and further relief to which in law and equity they may be entitled."

The trial of the case in the justice court resulted in a judgment in favor of plaintiffs for $189.09. From this judgment defendant appealed to the County Court of Washington County, which court sustained a general demurrer interposed by the defendant to plaintiffs' petition, and plaintiffs declining to amend, their suit was dismissed. From this judgment of dismissal plaintiffs prosecute this appeal.

The only question before us is whether the court below erred in sustaining a general demurrer to the petition. It is contended by the appellee that the demurrer was properly sustained because the petition shows upon its face that the contract sued on is an executory contract of sale, the only remedy for breach of which being an action for damages, and the action disclosed by the petition is one for debt and not for damages. We do not think this contention is sound. The petition stated the facts, and in addition to a prayer for a recovery of the contract price of the tombstones, prays for equity and general relief, and if it be conceded that upon the facts stated in the petition the plaintiffs were not entitled to recover the contract price of the tombstones, under the prayer for general relief they would be entitled to recover any damages which they were shown to have sustained by reason of a breach of the contract by the defendant. As against a general demurrer it is only necessary for a petition in addition to the formal requirements to state facts showing a right in the plaintiff and an invasion of that right by the defendant and to pray generally for such relief as in law or equity may be granted. The petition in this case meets these requirements, and if in addition to the prayer for general relief it seeks special relief to which the facts pleaded show plaintiffs are not entitled, such defect could only be reached by special exception.

But we do not agree with the appellee in his contention that the petition shows upon its face that the only remedy for a breach of the contract sued on is an action for damages. Applying the well established rule that as against a general demurrer every reasonable intendment must be indulged in favor of the petition, we think it fairly appears from the allegations of the petition that the tombstones have been delivered to the defendant. Such being the allegation, if, as further alleged in the petition, plaintiffs have in all respects complied with their contract they would be entitled to recover the contract price, notwithstanding the clause in the contract which provides that the title to the tombstones shall not pass until the contract price is paid. This reservation of title was manifestly made for the purpose of securing the pay-

ment of the contract price, and yet under appellee's contention its effect is to defeat plaintiffs' right to recover the contract price. No such effect can be given to this provision of the contract. In all sales of land in which a vendor's lien is reserved to secure the payment of the purchase money the title to the land remains in the vendor until the purchase money is paid, and deeds conveying land but retaining such vendor's lien are held to be executory contracts for the sale of land. If appellee's contention were sound a vendor's lien note could never be collected, and the only remedy for a failure of the purchaser of land to pay a purchase money note secured by a vendor's lien would be a suit by the vendor for damages for breach of contract. The case of Kiber v. Adler, 27 Southwestern Reporter, 23, does not support appellee's proposition. In that case the vendee in an executory contract for the sale of sugar rescinded the contract before delivery and refused to accept the sugar. The suit was to recover damages for breach of contract, and in discussing the question of the proper measure of damages the court uses this language: "The contract was executory, no specific property being appropriated to it, and therefore no title ever passed; and upon breach by the defendant plaintiff's remedy was simply an action for damages."

This was a statement of the law applicable to the facts of the case before the court, and is not the law applicable to the facts stated in the petition in this case. In the Kiber case no title had passed, the sugar had never been delivered to the defendant and was in the possession of plaintiff, and it would have been clearly wrong for plaintiff to have kept the sugar and recovered of the defendant the price agreed to be paid by him for same. It is clear that the rule announced in this case is not applicable to a case in which the property has under the terms of the contract been delivered to the purchaser and is, from the allegations of the petition, presumably in his possession. It may be that upon a trial of the case and a development of the facts the cases cited by appellee will control in determining the amount of plaintiffs' recovery, but none of them are authority upon the proposition that the petition fails to state a cause of action. We think the court below erred in sustaining the general demurrer to the petition and the judgment should be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*