# Central of Georgia Railway Co. *v.* Main.

## *Action against Railroad Company to recover Damages for Killing Mule.*

1. *Action for killing mule; competency of evidence.*—In an action against a railroad company to recover damages for the alleged negligent killing of a mule, where the plaintiff, as a witness, testified that he bought the mule about three months prior to its being killed by one of the defendant's locomotives, at a place twenty-five miles distant from the place where the mule was killed, it is not competent for the defendant to ask the plaintiff on cross-examination, how much he paid for the mule; the price paid by the plaintiff in such case not being a basis to estimate the market value of the mule at the time and place it was killed.

APPEAL from the Circuit Court of Bullock.

Tried before the Hon. A. A. EVANS.

The appellee, W. C. Main, brought the present action against the Central of Georgia Railway Company, to recover damages for the alleged negligent killing of a mule, which was run over by a train operated on the defendant's road. On the trial there were verdict and judgment for the plaintiff. The facts relating to the only ruling of the trial court presented for review, are sufficiently stated in the opinion.

G. L. COMER, for appellant, cited 2 Sutherland on Damages, (ed. of 1883) 375 *et seq.; Ward v. Reynolds,* 32

[Birmingham Railway & Electric Co. v. Ellard.]

Ala. 384; *Stone v. Watson,* 37 Ala. 279; *Torrey v. Burney,* 113 Ala. 496.

THOS. S. FRAZER, *contra,* cited *Adams v. Thornton,* 82 Ala. 260; *Louisville Jeans Co. v. Lischkoff,* 109 Ala. 140; 3 Mayfield's Digest, 492-3.

TYSON, J.—The single assignment of error is predicated upon the refusal of the trial court, upon objection, to permit defendant, on cross-examination, to ask plaintiff how much he paid for the mule, some three months prior to its being killed by one of defendant's locomotives. The purpose of the inquiry, it is fairly inferable, was to show the market value of the mule at the time and place it was killed; the place being some twenty-four miles distant from where the plaintiff purchased it. The price paid by plaintiff was not a fact on which any reasonable inference as to the market value of the mule, at the time and place it was killed, could be based.—*Roden v. Brown,* 103 Ala. 423; *Ala. Gt. So. R. R. Co. v. Moore,* 109 Ala. 393; *Louisville Jeans Clothing Co. v. Lischkoff,* Ib. 136.

Affirmed.