# Meyer Brothers Drug Co. *v.* Puckett.

## *Action of Assumpsit.*

1  *Pleading and practice; sufficiency of plea of set off.*—In an action of assumpsit, where the defendant, by special plea, claims a set off against the plaintiff's demand for freight paid upon goods shipped by plaintiff to the defendant, for the price of which this suit was brought, but it does not appear from the averments of the plea that the payment of the freight was at the instance and request of the plaintiff, such plea is subject to demurrer.

2. *Same; same.*—In such a case, pleas of set off, claiming payments to have been made by plaintiff to the defendant, but which do not show that such payments were attended by any breach of contract or were induced by any misrepresentation or any conduct operating as a fraud upon the defendant, or otherwise giving rise to liability against the plaintiff, are faulty and subject to demurrer.

3. *Action of assumpsit; admissibility of evidence.*—In an action of assumpsit to recover for the price of goods shipped by plaintiff to the defendant, where the issues upon which the case was tried, involve no question of fraud, it is not permissible for the defendant, upon the cross examination of the plaintiff as a witness, to ask him what he paid for the goods which were shipped to the defendant; such question calling for irrelevant and immaterial evidence.

4. *Sale of goods; when no implied warranty is shown.*—When goods are sold by sample, and the goods supplied correspond with the sample, and it is shown that the purchaser purchased the goods in reliance upon his own knowledge of the kind and quality of the sample and not upon any representation or warrant of the seller, there is no implied warranty on the seller's part that the goods should be suitable for the purchaser's purpose.

APPEAL from the Circuit of Jackson.

Tried before the Hon. J. A. BILBRO.

This action was brought by the appellee, P. C. Puckett, against the Meyer Brothers Drug Company, to recover

the price of articles sold by the plaintiff to the defendant.

The defendant pleaded the general issue and the following special pleas: "2. The defendant bought from the plaintiff pink root, which is a very valuable article, and the plaintiff fraudulently shipped defendant twin-leaf root, which is of very little value, in lieu thereof.

"3. The plaintiff contracted to sell the defendant pink root, and falsely sent to Sulzer Bros., in Madison, Ind., and bought twin leaf root and had the same shipped to him at Woodville, Ala., as twin leaf root, and reshipped it to defendant at St. Louis, Mo., for pink root.

"4. Plaintiff seeks to recover an account from defendant in this case for 1943 pounds of twin leaf root, which was shipped to defendants as pink root, and which defendant refused to accept because it was not what was ordered by defendant.

"5. The defendant, as defense to the action of the plaintiff says that at the time said action was commenced the plaintiff was indebted to the defendant in the sum of $209.08 for this: On the —— day of ——, 1899, plaintiff shipped defendant 1604 pounds of twin leaf root for pink root, for which defendant paid plaintiff $192.48. The two roots resemble each other very much, in appearance, and the defendant received the same by its agents or clerks, and because of the similarity of the two roots, and not making a close examination of the article at that time, did not discover the fraud until about the 1st of January, 1900, when it promptly offered to rescind the sale. Defendant claims this as a set off.

"6th. The defendant as a defense to the action of the plaintiff says that at the time said action was commenced plaintiff was indebted to defendant in the sum of $16.60 for the freight paid by defendant on the goods the price for which plaintiff sues, and the further sum of $209.00, paid plaintiff for 1,604 pounds of pink root bought from him on the ..... day of .........., 1899, but instead thereof plaintiff sent defendant twin-leaf

root, and defendant offers said sum as a set off against plaintiff's demand.

"8th.   Defendant for answer to the complaint says: That plaintiff was indebted to defendant in the sum of $16.60 for this: at the commencement the goods were sold by plaintiff to defendant to be delivered at St. Louis Mo., and shipped from Woodville, Alabama, by railroad, the plaintiff was to pay the freight on the same, and defendant paid the same $16.60 at the instance and request of plaintiff, and defendant offers the same as a set off against the claims of the defendant, and claims judgment for the excess.

"9th.  Defendant also says, that at the commencement of the suit, plaintiff was in debt to defendant in the sum of $128.32 for this:  On the 4th day of October, 1899, defendant bought from plaintiff 1,604 pounds of pink root to be delivered in St. Louis, Mo., by plaintiff to defendant.   Plaintiff instead of sending to defendant pink root, substituted twin-leaf root, and plaintiff stored the same away and did not discover then that it was not pink root, and paid for same, but afterwards discovered that it was not what was ordered, and offered to return the same to plaintiff.   The said twin leaf root was worth only 4 cents per pound, and pink root was worth 12 cents per pound, what defendant paid for goods sent.   Defendant offers the difference in value as a set off, and claims judgment for the excess.

"10.   Defendant for answer to the complaint says: That the plaintiff claims an account from defendant for 2,000 pounds of pink root to be delivered by plaintiff to defendant in St. Louis, Mo.  When the goods reached defendant, it was ascertained that they were not pink root, but twin-leaf root.  Pink root was worth 12 cents per pound and twin-leaf root was worth only 4 cents per pound, and defendant claims a rebate on the price of 8 cents per pound.  Defendant refused to accept and pay for the goods, because they were not what was ordered by defendant from plaintiff."       *

The plaintiff demurred to the 5th plea upon the following grounds: 1.  That it does not set up any facts showing that the fraud was perpetrated by plaintiff

upon the defendant, or that the plaintiff made any false or fraudulent representations. 2. That the allegations of fraud were mere conclusions of the pleader.

To the 6th plea the plaintiff demurred upon the following grounds: 1. It does not show that the freight claimed therein was paid for the plaintiff, or at its instance and request. It is not shown that the defendant returned or offered to return the twin-leaf root to plaintiff. 3. It does not show whether the money averred to have been paid by plaintiff was paid before the goods were received or after they were received.

Defendant's demurrers to the 5th and 6th pleas were sustained. Upon motion of the plaintiff the court struck the 10th plea from the file.

The plaintiff filed a replication to the 2d, 3d, 4th and 9th pleas. Issue was joined upon this replication, the plea of the general issue and the 8th special plea. The other facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

The defendant requested the court to give to the jury the following written charges and separately excepted to the court's refusal to give each of them as asked: (2.) "If the plaintiff contracted to sell the defendant pink root and instead thereof shipped the defendant twin-leaf root, whether he knew that it was twin-leaf root or not, then your verdict should be for the defendant." (3.) "If the jury believe the evidence in this case, their verdict should be for the defendant." (4.) "If the plaintiff sold pink root to the defendant and knowingly shipped the defendant twin-leaf root, then your verdict should be for the defendant."

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

TATE & WALKER, J. M. FALKNER and RAY RUSHTON. for appellant.—The question to plaintiff about the amount paid for the pink root was admissible for the

purpose of showing the fraud set up in pleas 2 and 3. Great latitude is allowed in the range of evidence, when the question of fraud is involved.—*Durr v. Jackson,* 59 Ala. 203.

The charges requested by the defendant should have been given.—*Egan Co. v. Johnson,* 82 Ala. 233. It must not be assumed that, in all cases where a sample is exhibited, the sale is a sale by sample. There must be an agreement to sell by sample, or, at least, an understanding of the parties that the sale is to be by sample.—*Gunter v. Atwell,* 19 Md. 157; *Hargus v. Stone,* 5 N. W. 73; *Waring v. Mason,* 18 Wend. 425; *Beyrne v. Dord,* 5 N. Y. 95; *Day v. Raget,* 14 Minn. 473; *The Monte Allegre,* 9 Wheat. 616.

MARTIN & BOULDIN, *contra.*—It is settled that there is an implied warranty that the goods delivered shall conform to the sample in kind and quality. The vendor guarantees nothing more, unless by express covenant. *Penn v. Smith,* 93 Ala. 476, s. c. 98 Ala. 560; and 104 Ala. 448; *Gatchett v. Warren,* 72 Ala. 288; Benjamin on Sales, 847; 10 Am. & Eng. Encyc. of Law, (1st ed.), 165, 166 and notes. When goods conforming to samples are delivered there is no room for the imputation of fraud except it be in connection with the sample itself.

A vendor may, in a case like this, acquiesce in the self-deception of the purchaser. Where the purchaser has no right to look to the vendor for information, and does not look to him, the vendor is not required to volunteer to give it. The whole matter rests upon the question of fraud *vel non* with reference to the original sample. After that there can be no fraud so long as the vendor furnishes goods in conformity to sample, by whatsoever name called.—Benj. on Sales, 630 and 634; 8 Am. & Eng. Enc. Law, (1st ed), 812 and notes.

SHARPE, J.—Under the complaint, which consists of common counts, plaintiff sought a recovery as for the price of merchandise consisting of medicine roots sold under agreement arrived at by correspondence between the plaintiff, who was in Alabama, and the defendant who was in St. Louis, Missouri.

Besides the general issue and pleas numbered 5 and 6 as to which demurrers were sustained, and the plea 10 which was stricken out, several special pleas were filed in which the position was assumed that the goods plaintiff claims for were shipped to and received by defendant as "Pink root" but were in fact "Twin-leaf root." Pleas 2, 3 4 and 9 were met by the following replication on which issue was joined and which disclosed the version of the transaction relied on by the plaintiff: "The plaintiff desiring to sell certain roots and not knowing their commercial name or value, sent a sample thereof to the defendant, a learge dealer in various herbs, and roots, requesting defendant to quote prices thereon. Defendant named the sample pink root, and made a price thereon, whereupon plaintiff made numerous shipments of said root to defendant, which was received by defendant on its own inspection as pink root, and paid for as such. The claim sued on is for the price of the last shipment ordered by defendant, which shipment was the identical article or root of the original sample, and the various other shipments which were pronounced pink root by defendant. Wherefore plaintiff says defendant is liable, because he delivered the article sold to and ordered by defendant, whether its true name is twin-leaf root, or pink root."

In the matters assigned as error, we find no cause for reversing the judgment. The counter claims set up by pleas 5 and 6 are not shown by the averments of the pleas, respectively, to have been well founded. To all that appears from the averments the freight payment therein claimed for may have been made voluntarily and not for or at the request of plaintiff. The other payments mentioned in those pleas as having been made to defendant are not shown by the pleadings to have been attended by any breach of contract or to have been induced by any misrepresentation or other conduct, operating a fraud on defendant, or otherwise giving rise to a liability against the plaintiff. The demurrers to these pleas were properly sustained.

Of whatever was meritorious in plea 10 defendant

[Meyer Brothers Drug Co. v. Puckett.]

had benefit in other pleas, and hence the striking out of this plea was without injury.

The issues involve no question of fraud, being joined alone on plea 1 which merely denied indebtedness, plea 8 which only presented a set off arising from freight charges averred to have been paid by plaintiff, and on the replication. Such being the issues, the question asked plaintiff on cross examination as to what he paid for the roots, called for immaterial matter.—*Louisville Jeans Clothing Company v. Lischkoff,* 109 Ala. 136; *A. G. S. R. R. Co. v. Moore,* 109 Ala. 393; *Roden v. Brown,* 103 Ala. 324; *Central of Georgia Railway Co. v. Main,* 135 Ala. 451.

There was evidence tending to prove the averments of the replication—that the goods supplied in fulfillment of defendant's order for pink root, corresponded with a sample that it had previously · inspected and named in its negotiations with the plaintiff as pink root, and that it purchased these goods in reliance upon its own conception of the kind and quality of the sample and not upon any representation or warranty of the defendant. From the conditions disclosed by this phase of the evidence the law does not raise any implied warranty on plaintiff's part that the goods should be suitable for defendant's purposes.—*Gatchett v. Warren,* 72 Ala. 288. If, as might have been found from the evidence, the goods delivered were of the kind intended to be contracted for, the plaintiff was entitled to recover though they were different in name and quality from what is generally known as pink root. Hence charge 3 requested by defendant was rightly refused. The refusal of charges 2 and 4 was not improper. They were each calculated to mislead the jury to assume the subject matter of the contract was necessarily determinable by the name applied to it in the correspondence between the parties, rather than the real understanding of the parties as evidenced by the dealings had between them including the correspondence.

Judgment affirmed.