WEBSTER et al. v. FRAZIER et al.

(Court of Civil Appeals of Texas. Ft. Worth. May 20, 1911. Rehearing Denied June 24, 1911.)

1. CONTRIBUTION (§ 9*)—ACTION—JOINDER OF DEFENDANTS.

In an action by parties who had paid notes for contribution against parties who had signed the note, but had failed to pay their proportional share, such parties have no right to be sued separately, and may be joined as parties defendant.

[Ed. Note.—For other cases, see Contribution, Cent. Dig. §§ 16–22; Dec. Dig. § 9.*]

2. CONTRIBUTION (§ 9*)—ACTION—BURDEN OF PROOF—ATTORNEY'S FEES.

In an action to recover a proportional part of the amount paid in settlement of notes, with a stipulation for attorney's fees, defendants who had signed with plaintiff have the burden of pleading and proving some reason why the amount stipulated in the notes as attorney's fees should not be recovered.

[Ed. Note.—For other cases, see Contribution, Cent. Dig. §§ 16–22; Dec. Dig. § 9.*]

3. CONTRIBUTION (§ 9*)—PROVISION FOR ATTORNEY'S FEES—PROOF—NECESSITY.

Where it was alleged, in an action to enforce defendants' liability on notes signed by defendants with plaintiffs and paid by plaintiffs, that the notes on which attorney's fees were paid stipulated that such fees should be collected if the notes were given to an attorney for collection, that plaintiffs on presentation were willing to pay their pro rata parts thereof, but that defendants refused to pay their shares, as a result of which the notes were given to an attorney, and that plaintiffs upon threatened suit paid them in order to avoid additional expense, and defendants neither pleaded nor proved that the amount so paid as attorney's fees was unreasonable, judgment for plaintiffs properly included the stipulated attorney's fees.

[Ed. Note.—For other cases, see Contribution, Cent. Dig. §§ 16–22; Dec. Dig. § 9.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

4. CONTRIBUTION (§ 9*)—ACTION—ADMISSION OF EVIDENCE.

Where defendants, in an action to recover their proportional liability on notes paid by the plaintiffs, raised no issue as to the reasonableness of the attorney's fees paid, evidence that plaintiffs had paid the fees stipulated in the notes was admissible.

[Ed. Note.—For other cases, see Contribution, Cent. Dig. §§ 16–22; Dec. Dig. § 9.*]

5. CONTRIBUTION (§ 9*)—ACTIONS—ADMISSION OF EVIDENCE.

In an action to recover defendants' proportional liability on notes signed by them with plaintiffs and paid by plaintiffs, evidence that the notes were given by a commercial agency to an attorney for collection is material and properly admitted.

[Ed. Note.—For other cases, see Contribution, Cent. Dig. §§ 16–22; Dec. Dig. § 9.*]

6. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Evidence, in an action to enforce defendants' liability on notes signed by plaintiffs and defendants and paid by the plaintiffs alone, that plaintiffs on payment of the notes had had the indorsements appearing on the notes placed thereon to protect their interests, if improperly admitted, could not have been prejudicial to the defendants.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4160; Dec. Dig. § 1050.*]

7. TRIAL (§ 85*) — OBJECTION TO EVIDENCE — EVIDENCE ADMISSIBLE IN PART.

Where an objection is made to the whole of certain evidence on a ground not applicable to a portion of it, the court is not called upon to separate the invalid parts, if any, from the rest of the evidence, but may properly overrule the objection.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 223–225; Dec. Dig. § 85.*]

8. CONTRIBUTION (§ 9*)—ACTION—LIABILITY OF DEFENDANTS—EVIDENCE.

In an action to enforce the liability of defendants on a note signed by them with the plaintiffs and paid by plaintiffs alone, in which there was a prima facie showing by plaintiffs that another person who had signed the notes, but who was not made a party defendant, was insolvent, evidence that such person would pay when gotten after, but that it was a hard matter to get the last rent out of him, and that it was over four or five months before it was finally paid, had no tendency to rebut the showing of insolvency.

[Ed. Note.—For other cases, see Contribution, Cent. Dig. §§ 16–22; Dec. Dig. § 9.*]

9. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR — WAIVING PROPOSITIONS AND STATEMENTS.

Where a proposition contained in the brief is not germane to the assignment of error under which it is submitted, it cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Appeal from District Court, Deaf Smith County; D. B. Hill, Judge.

Action by Joseph Frazier and another against Ira Webster and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Carl Gilliland and Knight & Slaton, for appellants. Madden, Trulove & Kimbrough, for appellees.

DUNKLIN, J. Joseph Frazier and W. G. Ross, plaintiffs, recovered a judgment against Ira Webster, E. F. Connell, and John P. Slaton, defendants, each for the sum of $1,219.75, the amount recovered against each being one-fifth of the amount paid out by the plaintiffs in satisfaction of three promissory notes which the plaintiffs and the defendants, together with one W. E. Robertson, had all signed; and from that judgment defendants have appealed. In their petition plaintiffs alleged that W. E. Robertson was insolvent, and therefore was not made a party defendant.

[1] There is no merit in the defendants' exceptions presenting the question that, as plaintiffs' right of action was not on the notes, but upon defendants' implied contract for contribution, the defendants had the right to be sued separately, and that there was a misjoinder of parties defendant and of causes of action. Jarvis v. Matson, 94 S. W. 1079, and decisions there cited; Wilson v. Lowrie, 40 S. W. 854.

[2] Defendants presented a special exception to that portion of the petition claiming contribution of the defendants for their respective portion of attorney's fees stipulated in one of the notes, and paid by the plaintiffs to the holder thereof, together with the principal and interest due thereon. The ground of this exception was that the petition contained no allegation showing any legal reason or excuse for paying the attorney's fees, so as to create a liability on the part of the defendants for contribution. The contention made in the assignment of error to this ruling of the court is that in order to entitle plaintiffs to recover attorney's fees it was incumbent upon them to allege and prove that the amount paid by them as such fees was reasonable. In the cases of First National Bank of Eagle Lake v. Robinson (Sup.) 135 S. W. 372, and Lanier v. Jones (Sup.) 136 S. W. 255, our Supreme Court held that, in the absence of a plea and of proof that the amount agreed on as attorney's fees in a promissory note is unreasonable and unconscionable, it is proper to render judgment for the amount stated in the note; in other words, that the burden is upon the defendant who signs such a note to plead and prove some reason why the amount stipulated in the note as attorney's fees should not be recovered. In both of those cases, suits were instituted on the notes, and the notes provided for the payment of attorney's fees, if sued upon or placed in the hands of an attorney for collection, and judgments for such attorney's fees without proof of their reasonableness were sustained.

[3] In the present suit plaintiffs alleged that the note upon which attorney's fees were paid by them stipulated that the same should be collected, if the note was collected by law or placed in the hands of an attorney

for collection; that when the note was presented for payment by the holder, plaintiffs were willing, ready, and able to pay their pro rata part thereof, but the defendants refused to pay their respective portions, and that by reason of the defendants' failure so to do the note was placed in the hands of an attorney for collection, and suit threatened thereon, and that plaintiffs paid the same in order to avoid additional expense. Appellants neither pleaded nor proved that the amount so paid as attorney's fees was unreasonable, and accordingly the assignment of error now under discussion is overruled.

[4] The further assignment complaining of the admission of testimony to show that plaintiffs had paid the attorney's fees stipulated in the note, over defendants' objection that the petition did not allege that the amount paid was reasonable, is overruled for the same reason given above.

[5, 6] Over defendants' objection, plaintiff Frazier was permitted to testify that R. G. Dun & Co. is a commercial collecting agency, and Lon D. Mars an attorney in Amarillo, and the lawyer in whose hands one of the notes was placed for collection, and that the plaintiffs had the indorsements appearing on the note placed theron to protect their interests. The testimony that the note was placed in the hands of the attorney for collection was material, and was properly admitted. If the other testimony of the witness Frazier was improperly admitted, the error was harmless, as in no manner could it have been prejudicial to the appellants.

[7] In order to show that W. E. Robertson, who signed the notes in controversy, was insolvent, plaintiff Frazier testified as follows: "At the time we paid the notes, W. E. Robertson did not have any property that any one seemed to know of. He told me personally, in El Paso, that he could not pay anything at all, and he could not pay his grocery bill and get bread and meat for his family." Defendants objected to that testimony, "because it was something that the witness could not possibly know about." The objection was urged to the testimony quoted as a whole, and was overruled. The ground of objection was clearly not applicable to a portion of the testimony, and, even though it should be held valid as to other portions, the court was not called upon to separate that portion to which the objection was tenable from the rest of the testimony, and therefore, there was no error in overruling the objection. Jamison v. Dooley, 98 Tex. 206, 82 S. W. 780.

[8] Appellants insist that the testimony of the witness Dameron, who had once rented an office to Robertson, reading: "Robertson would pay when we got in after him, but it was a hard matter to get the last rent out of him. It was over four or five months, but it was finally paid"—was some evidence tending to rebut the prima facie showing by plaintiffs that Robertson was insolvent, and that the court erred in giving a peremptory instruction to the jury to return a verdict in favor of the plaintiffs. We think there is no merit in this contention.

[9] Appellants further insist that there was error in adjudging all the costs of suit against the defendants jointly and severally, instead of adjudging an aliquot part against each defendant. This contention is urged in a proposition contained in the brief, but the proposition is not germane to the assignment under which it is submitted, and therefore cannot be considered.

We have found no error in the record, and the judgment is affirmed. `