## BENTON ROBERTS DRY GOODS CO. v. CYRUS W. SCOTT MFG. CO. (No. 27.)

(Court of Civil Appeals of Texas. Waco. Jan. 10, 1924. Rehearing Denied Feb. 14, 1924.)

I. Sales ⬤⟳113—Vendee cannot rescind in absence of fraud or agreement to return goods.

Where there was no fraud and no agreement to return and the merchandise was not worthless, vendee could not at his own option rescind the contract.

2. Sales ⬤⟳266—Vendor in executory contract required to deliver the merchandise as purchased only.

In an executory contract for sale of merchandise between merchant and merchant, vendor is required to deliver the merchandise as purchased, but does not guaranty it to be suitable for the purposes for which vendee may be buying nor that it is the best.

Appeal from District Court, Falls County; Prentice Oltorf, Judge.

Action by the Cyrus W. Scott Manufacturing Company against the Benton Roberts Dry Goods Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Frank Oltorf, of Marlin, for appellant.

Robert F. Higgins, of Marlin, and Harry P. Jordan, of Waco, for appellee.

BARCUS, J. On July 29, 1920, appellant wrote the following letter to appellee:

"Gentlemen: Ship us by freight the following bleached domestic: One case 'Old Faithful' 30-inch at 23¢; one case 'Old Faithful' 36-inch at 26¢. Kindly rush the above. Prices your letter of 7/26."

In pursuance of said letter, appellant on the 30th of July, 1920, shipped the two cases of domestic. One case contained 2,288 yards and the other contained 2,809 yards, there being 40 pieces in one case and 50 in the other. Said domestic was delivered to appellant at Marlin, Tex., early in August, and this suit was brought by appellee to recover the contract price of said domestic.

Appellee answered by general demurrer, general denial, and specially pleaded that he ordered said two cases of domestic at the prices named, and that "as between wholesalers and retailers a case of bleached do-

mestic consists of 20 pieces." It then alleged in substance that when the domestic arrived it ascertained the fact that one case contained 40 pieces and the other 50, whereupon it refused to accept it and returned it to appellee by freight, as it had a right to do. It further alleged that the domestic was not of the quality ordered and was of an inferior quality, in that same contained an unusual and unreasonable amount of starch; wherefore it claimed that it was not liable for any sum by reason of said premises. Appellant further alleged that since it had returned the domestic to appellee, appellee's damage, if any, was the difference between the market value of the merchandise at the time it returned same and at the time it was purchased, and that the market value of said merchandise was the same at the time it was returned as it was when purchased, and therefore appellee had not been damaged and was not entitled to recover.

Appellant ordered the domestic in reply to a circular letter which it received from appellee on July 26th, in which letter appellee stated that "bleached domestics run about 2,500 yards to the case," and quoted the price, "Old Faithful domestic, 30-inch, 23¢; Old Faithful domestic, 36-inch, 26¢." Upon receipt of said circular letter appellant ordered the two cases of "Old Faithful" domestic. No other communication was had between appellee and appellant prior to the shipment and delivery of the domestic to appellant at Marlin. Appellant attempted to return the domestic, and appellee refused to accept same, and at time of trial it was being held in the railroad warehouse at Marlin, subject to the order of appellant.

The court submitted two issues to the jury: First, as to whether the 2,288 yards of 36-inch domestic reasonably complied as to yardage with the descriptive term "about 2,500 yards to the case," as used in the circular letter; and, second, as to whether the 2,809 yards of 30-inch domestic reasonably complied with said term. The jury answered both of said questions in the affirmative, and based on said answer and the findings by the court, judgment was rendered for appellee for the full amount sued for.

Appellant requested the court to submit the issues as to whether the domestic was merchantable, and as to whether it was of an average quality of domestics, and also, requested a peremptory instruction—all of which were refused.

[1] The main question involved is as to the right of appellant to return the domestic and rescind the contract. Where there is no fraud and no agreement to return, unless the merchandise is worthless, the vendee cannot at his own option rescind the contract. Sedgwick on Damages, p. 286; Sessums Motor Co. v. White (Tex. Civ. App.) 239 S. W. 329; Wright v. Davenport, 44 Tex. 167; Easterly & Son v. Jones, 1 White & W. Civ. Cas. Ct. App. § 189; 24 R. C. L. 186; Brantley v. Thomas, 22 Tex. 271, 73 Am. Dec. 264. In this case there was no agreement that appellant could return the goods and there is no allegation nor proof of fraud having been perpetrated by appellee on appellant. The letter from which appellant obtained the price and description of the domestic stated that each contained "about 2,500 yards," and the jury held that the amount sent in each case was in reasonable compliance with said description. The domestic was sold by name, "Old Faithful," and the evidence shows that "Old Faithful" domestic was delivered. There being no provision in the contract that the domestic could be returned, and no pleading or proof of fraud, or that the domestic was worthless, appellant could not rescind, and it became obligated, when the domestic was delivered, to pay for same at the contract price. Barnett v. Williams (Tex. Civ. App.) 242 S. W. 348; Springfield Shingle Co. v. Edgecomb Mill Co., 52 Wash. 620, 101 Pac. 233, 35 L. R. A. (N. S.) 258 and notes on pages 285, 286; Meyer Bros. Drug Co. v. Puckett, 139 Ala. 331, 35 South. 1019.

[2] There was some evidence offered tending to show that the domestic was not of the best quality. In an executory contract for the sale of merchandise between merchant and merchant, the vendor is required to deliver to the vendee the merchandise purchased. The vendor does not guarantee that it is the best, neither does he guarantee that it is suitable for the purposes for which the vendee may be buying. In the absence of fraud or an agreement that goods may be returned, upon delivery of the article purchased he is entitled to recover the contract price. Jaeggli v. Phears, 30 Tex. Civ. App. 212, 70 S. W. 330; Adler v. Kiber, 5 Tex. Civ. App. 415, 27 S. W. 23; Murchie v. Cornell, 155 Mass. 60, 29 N. E. 207, 14 L. R. A. 492 and notes, 31 Am. St. Rep. 526; Piper Co. v. Oppenheimer (Tex. Civ. App.) 158 S. W. 777; Houk v. Berg (Tex. Civ. App.) 105 S. W. 1176; Battaglia v. Thomas, 5 Tex. Civ. App. 563, 23 S. W. 385; same case on rehearing, 23 S. W. 1118.

We have examined all of the assignments of error contained in appellant's brief and do not think they show any reversible error.

The judgment of the trial court is affirmed.