HINN v. FORBES et al. (No. 74.)

(Court of Civil Appeals of Texas. Waco. May 22, 1924. Rehearing Denied July 7, 1924.)

1. **Venue ⊛⇒22(2)—One maker of joint and several obligation may sue comakers in same suit for contribution in county of residence of any one of them.**

Where several persons execute a joint and several note or bond and one of makers pays same, he may sue all his comakers in same suit for contribution, and may bring suit in county of residence of any one of them to recover their pro rata share.

2. **Contribution ⊛⇒7—Where one of co-obligors is insolvent, obligor who has paid debt may recover from other co-obligors their pro rata share due by insolvent obligor.**

Where obligor who has paid debt alleges and proves that one or more of joint obligors is insolvent, he has right to recover from other co-obligors pro rata part due by insolvent obligor.

3. **Judgment ⊛⇒252(5)—Court can render such judgment as facts justify under prayer for general relief.**

Under a prayer for general relief, court can render such judgment as facts prayed and proven will justify, although plaintiff has asked for special relief which facts would not justify.

4. **Venue ⊛⇒22(3)—Obligor held entitled to sue for contribution in county of residence of insolvent co-obligor.**

Obligor was entitled to maintain a suit on a joint and several obligation against other obligors for contribution to amount that he had· been compelled to pay in county of residence of one of them, under Rev. St. arts. 1819 and 1827, though such co-obligor was insolvent, and a recovery was sought only against solvent co-obligor, and all others were alleged to be insolvent, since, under obligor's prayer for gen-

---

eral relief, if he could establish facts alleged in his petition, he was entitled to judgment against both co-obligors, whether one was insolvent or not.

Appeal from District Court, Limestone County; J. R. Bell, Judge.

Action by W. L. Forbes against Albert G. Hinn and another. From a judgment overruling his plea of privilege, named defendant appeals. Affirmed.

Kinder & Russell, and Graham & Graham, all of Plainview, for appellant.

C. S. & J. E. Bradley, of Groesbeck, for appellees.

BARCUS, J. This is an appeal from the judgment of the trial court overruling appellant's plea of privilege. Appellee filed suit in Limestone county against appellant, a resident citizen of Hale county, Tex., and against E. D. Dickey, a resident citizen of Limestone county, Tex. Appellee, for cause of action, alleged that he and appellant, Albert G. Hinn, and E. D. Dickey, Chas. C. Moore, R. F. Gerrells, W. J. Shields, J. H. Harris, and A. T. Culbertson were jointly and severally liable to the Commonwealth Oil & Gas Company, a corporation, for the payment of notes and bonds in the sum of $12,000, which he had been compelled to pay, and that all of said named parties were equally obligated with him for the payment of said $12,000. He alleged that all of the parties who signed the bonds or notes were insolvent except the defendant, Albert G. Hinn, and that by reason of said insolvency he was entitled to judgment against appellee Hinn for one-half the amount he, appellee, had paid. Appellee's prayer is as follows:

"Wherefore, premises considered, plaintiff prays for citation to the defendants, and each of them, in terms of law, that upon a trial hereof he have judgment against the defendant, Albert G. Hinn, for one-half of said several sums contributed by plaintiff to pay said joint obligations with interest thereon from the date of such payments, and all costs of suit, and for all such other and further relief, general and special, as in law or equity he may be entitled, and so in duty bound he will ever pray."

Appellant filed his plea of privilege in statutory form, and appellee Forbes filed his controverting affidavit, claiming that the district court of Limestone county had jurisdiction because his suit was against the appellant Hinn and E. D. Dickey and that Dickey was a resident citizen of Limestone county, and under subdivision 4 of article 1830, of the statutes, he had a right to maintain the suit in Limestone county.

[1, 2] Where several persons execute a joint and several note or bond and one of the makers pays same, it is not a misjoinder of parties to sue all the comakers in the same suit for contribution, and the obligor who has paid the entire debt has the right to bring suit for contribution against all of his co-obligors in the county of the residence of any one of them to recover their pro rata share. Slaton v. Anthony (Tex. Civ. App.) 143 S. W. 201; Webster v. Frazier (Tex. Civ. App.) 139 S. W. 609; Faires v. Cockerill (Tex. Civ. App.) 29 S. W. 669, same case by Supreme Court, 88 Tex. 428, 31 S. W. 190, 639, 28 L. R. A. 528; Mateer v. Cockrill, 18 Tex. Civ. App. 391, 45 S. W. 751. Where the obligor who has paid the debt alleges and proves that one or more of the joint obligors is insolvent, he has the right to recover from the other co-obligors the pro rata part due by the insolvent signer or obligor. Webster v. Frazier, supra.

[3, 4] Appellant contends that the appellee has not sued and is not claiming any judgment against his codefendant E. D. Dickey. Appellee Forbes contends that he is suing Dickey and seeking a judgment against him, but in order that he may in this suit require appellant to pay one-half the entire amount, he alleged that all the other obligors, including Dickey, were insolvent; that, under his prayer for general relief, he would be entitled, if he proves the allegations in his petition that the other obligors were insolvent, to a judgment against appellant Hinn for one-half the total amount he had paid, and would be entitled to a judgment against the defendant Dickey for one-sixth of one-half, and if Hinn should ask it, he would also be entitled to a judgment for one-sixth of one-half against Dickey; that, while Dickey at the time the suit was filed was insolvent, it would not prevent both appellee and appellant recovering judgment against Dickey, to be made out of any property that might be found in the future belonging to Dickey.

Articles 1819 and 1827 of the Revised Statutes provide in substance that the pleadings of plaintiff shall consist of a statement in logical and legal form of the facts constituting plaintiff's cause of action, setting forth all the facts which plaintiff may deem necessary to sustain his suit, without any distinctions between suits at law and in equity, and shall state the nature of the relief which he requests of the court. In this case, appellee in his petition stated the facts, and, if he had made all of the joint obligors on the bond parties to the suit, he would have been entitled to a judgment against each of his co-obligors for contribution. Under the prayer for general relief, the court can render such judgment as the facts pleaded and proven will justify, although the plaintiff has asked for special relief which the facts would not justify. Silberberg v. Pearson, 75 Tex. 287, 12 S. W. 850; Cheeves v. Anders, 87 Tex. 287, 28 S. W. 274, 47 Am. St. Rep. 107; Hipp v. Huchett, 4 Tex. 24; Lee v. Boutwell, 44 Tex. 151;

Jaeggli v. Phears, 30 Tex. Civ. App. 212, 70 S. W. 330; Garvin v. Hall, 83 Tex. 295, 18 S. W. 731; Kempner v. Ivory (Tex. Civ. App.) 29 S. W. 538. If appellee can establish the facts as alleged in his petition, he is entitled to a judgment against the appellant for one-half of all sums paid out by him as joint obligor with appellant, and in addition is entitled to recover a judgment against the defendant Dickey for one-sixth of one-half. If it should be established that the defendant Dickey is not insolvent, appellee Forbes would be entitled to a judgment for one-third of the amount he has paid against the defendant Dickey, and one-third against the appellant, provided the other obligors are proven to be insolvent.

We think the action of the trial court in overruling appellant's plea of privilege was not error, and the judgment of the trial court is affirmed.