By the Court. Slosson, J.
This is an appeal from an order at Special Term, sustaining a demurrer to the complaint for want of parties.
The action is plainly one for an account. The prayer of the complaint is for an accounting. The plaintiff treats it as an action at law to recover a specific amount, yet admits, in his complaint, that the amount of the moneys collected and received by the defendant, and to one-eleventh of which he is entitled, is unknown to him, and that the amount due him can only be ascertained on *694 the rendering of an account by the defendant. It is not the case of a suit to recover an admitted balance or share after an accounting, nor to recover a fixed proportion of a sum certain, as where one of two joint owners of a chattel sells it for a round sum and receives the proceeds, in which case the other may have his action at law. (Cochran v. Carrington, 25 Wend. 409.)
In an equitable action the general rule is that all persons are to be made parties, if practicable, who have a legal or equitable interest in the subject matter of the suit, and may be affected by the judgment, and who are within the jurisdiction of the court. (2 Story’s Eq. Juris. 741-2; Cooper’s Eq. Pl. 33.) One object is to protect the defendant and prevent a multiplicity of writs.
In Hallet v. Hallet, (2 Paige, p. 19,) Chancellor Walworth states this to be the rule: “ That if it appears, on the face of the plaintiff’s bill, that an account of the whole fund must be taken, and that there are other parties interested in the distribution thereof, to whom the defendant would be bound to render a similar account, the latter may object that all who have a common interest with the plaintiff are not before the court.”
In cases where it would be practically inconvenient to make all who have an interest in the fund parties in fact, the plaintiff, under the old practice, was allowed to file the Tpill in his own behalf and in behalf of all others standing in the same situation with himself, who might elect to come in and be made parties, and bear their portion of the expenses.
In the present case there are nine other harbor-masters, besides the plaintiff and defendant, equally interested in the fund. If one may sue for his proportion, each of the others may also sue.
Under the act under which they were appointed, (March 16, 1850,) the fees collected belonged to all, though each was entitled to an equal proportion. The defendant was appointed by each of them, as is alleged, to collect certain fees and, as is alleged, agreed to account and pay to each one, severally, his proportion. It would be straining the sense of this phraseology, I think, to construe it as an agreement by the defendant to render to each one a separate account of his stewardship. The natural and proper meaning of the undertaking is, that he would render to all who had employed him an account of the moneys he should collect, and pay to each his several proportion. After such an accounting, an assumpsit *695 would lie by each for his share. But, if the language be taken literally, still if the court sees that a multiplicity of suits will be avoided by making all parties to a single action, it will require them to be brought in.
As the sum to be divided is not ascertained, each party has an interest in having the exact amount determined. It is true the defendant cannot be made to account for more than he has received, but he has a right to say that he ought not to beputto the proof of that more than once.
If the complaint had alleged that all the other harbor-masters had been paid their proportions the case would be different, but this cannot be inferred; on the contrary, the silence of the complaint on that point, in connection with the allegations which show that others were equally interested with the plaintiff in the fund, and that the defendant has never accounted for what he has received, necessarily implies that he is still indebted to all.
We think the demurrer for defect of parties, well taken.
Order affirmed, with costs of appeal.