Carr v. Waldron.

---

ROBERT E. CARR, Plaintiff in Error, v. WILLIAM W. WALDRON, Defendant in Error.

1. *Practice, Civil — Mortgage — Contribution — Filing of mortgage — Construction of statute.*—Where one out of several grantees in a mortgage brings an action for contribution against another, it is not necessary that the mortgage be filed with the papers. That is necessary only where the action or pleading is founded on an instrument or pleading executed by the adverse party. (Gen. Stat. 1865, ch. 165, § 51.)

2. *Practice, Civil—Mortgage—Contribution—Defect of parties—Construction of statute.*—In a suit for contribution by one of several grantees in a mortgage against another, all the mortgagees had an interest, and demurrer to the petition would lie where all were not made defendants. (Gen. Stat. 1865, ch. 161, §§ 5, 6.) There having been no ascertainment or adjustment of the amounts to which each was entitled, all should have been brought in, so that there might be a final determination binding on all parties. But section 7, chapter 153, Gen. Stat. 1865, has no application to such a case.

### Error to Fifth District Court.

*McFerran*, for plaintiff in error.

*Hall & Oliver*, for defendant in error.

The mortgage referred to in the petition was the foundation of the action, and should have been filed with the petition in the cause. (Gen. Stat. 1865, p. 662, § 51; 37 Mo. 167; 38 Mo. 224.)

WAGNER, Judge, delivered the opinion of the court.

The amended petition contains two counts, stating in substance that one Beauchamp, by his certain mortgage, conveyed to the plaintiff and defendant in this suit, and several other persons therein named, a lot of notes and accounts, amounting to over $3,000, to secure the said parties on account of certain indebtedness; that the land conveyed in the mortgage was sold, and did not pay off the debts; that plaintiff had paid two several bills of exchange for the mortgagor, and that the mortgagor was largely indebted to him. There is a further averment that defendant obtained and became possessor of two of the notes conveyed by the mortgage, and collected about $500 of the same. The petition then sets out the contribution above in that amount to which the plaintiff deems himself entitled, and asks judgment for the same.

To this petition the defendant filed a demurrer, and alleged as grounds of objection: First, that the mortgage constituted the plaintiff's cause of action, and that it was not filed among the papers in the cause, nor any reason given for not filing it; second, that there was a defect of parties—defendants, the

mortgagees, all being necessary parties in order to have a complete and final determination of the suit.

The court sustained the demurrer; and the plaintiff neglecting to amend, final judgment was rendered for defendant, which the District Court affirmed. It is contended for the plaintiff that it was not necessary to make all the mortgagees parties; and, to sustain this view, chapter 153, section 7, of the statute is cited. That section says that any person claiming an interest in the mortgaged property may, on motion, be made a defendant to any proceeding, etc. · But that section has exclusive reference to suits for foreclosure of mortgages, and this was not a proceeding for foreclosure.

There is nothing in the position taken in the demurrer, that the mortgage should have been filed; that is only necessary where the action or pleading is founded on an instrument executed by the adverse party. (Gen. Stat. 1865, p. 662, § 51.) Here the instrument was not executed by the defendant. Had the suit been against the mortgagor for a foreclosure, the statute would have applied. The only point in the case is, was there a defect of parties?

The statute provides that any person may be a defendant who has or claims an interest in the controversy adverse to the plaintiff, and that all parties who are united in interest must be joined as plaintiffs or defendants. (Gen. Stat. 1865, p. 161, §§ 5–6.) Where the petition shows on its face that there is a defect of parties, either plaintiffs or defendants, the objection is properly taken by demurrer.

In the present case the parties were all mortgagees, and had an interest in the mortgaged property. There had been no ascertainment or adjustment of the respective amounts to which each was entitled; and, where such is the case, all should be brought in, in order that there may be a final determination binding all the the parties. (Sto. Eq. Pl. § 207.)

Where there is a certain and fixed fund, and each party has a certain aliquot part in it, distinct from the others, so that there is no common interest in the object of the bill, the others need not be made parties. (Sto. Eq. Pl. § 212.) This

rule is necessary to protect the defendants and prevent a multiplicity of suits.

Chancellor Walworth, in Hallet v. Hallet (2 Paige, 19), states the rule to be "that if it appears on the face of the plaintiff's bill that an account of the whole fund must be taken, and that there are other parties interested in the distribution thereof to whom the defendant would be bound to render a similar account, the latter may object that all who have a common interest with the plaintiff are not before the court." (See, also, Dean v. Chamberlin, 6 Duer, 691.).

From aught that appears from the record, each of the mortgagees had a common interest in the fund alleged to be in the hands of the defendant. Had he paid the amount claimed by the plaintiff, he would have been subject to be again harassed by the other parties, as they would not have been concluded by the former litigation, to which they were not parties. There had been no adjustment either between the parties or before any tribunal to determine the aliquot part due to each, and it was therefore bad practice to sue without joining all.

The demurrer was rightfully sustained, and the judgment will be affirmed. The other judges concur.