### KUTZ *v.* RICHARDS *et al.*

(*City Court of Brooklyn, General Term.* October 26, 1891.)

PLEADING—DEMURRER—DEFECT OF PARTIES.

    The complaint alleged an agreement between plaintiff, defendants, and others that certain vessels, to be purchased by any of the parties, were to be for the joint account of all, in specified proportions; averred that a certain vessel had been bought by defendants, and broken up, and sold, but that they refused to recognize plaintiff's interest in the proceeds; and prayed for an acccounting, and judgment for the amount found due plaintiff. *Held*, that, as the complaint does not show on its face that the other parties to the agreement have any interest in the proceeds of such vessel, it is not demurrable for defect of parties; for, within the provisions of Code Civil Proc. § 452, "the court may determine the controversy as between the parties before it, * * * without prejudice to the rights of others, or by saving their rights."

Appeal from trial term.

Action by Lucy A. Kutz against Daniel W. Richards and Morton B. Smith for an accounting, and for money due thereon. Judgment for plaintiff on demurrer to the complaint, and defendants appeal.

Argued before VAN WYCK and OSBORNE, JJ.

*Merrill & Rogers*, for appellants. *Winthrop Parker*, for respondent.

OSBORNE, J. Defendants appeal from an interlocutory judgment overruling a demurrer to the complaint herein. The complaint, in substance, alleges that Daniel Buhler, plaintiff's assignor; the defendants, composing the firm of Daniel W. Richards & Co.; P. Clancy; Nathaniel McKay; Hubbell & Porter; and E. Stannard,—having in view an impending sale of certain vessels by the United States government, entered into an agreement in writing, dated September 19, 1883, to the effect "that, in the event of any or all of the bids offered by each being accepted by the government, the vessels so purchased are for the joint account of the parties signing this agreement; each one paying his share of the purchase money when called upon so to do." The complaint then alleges the assignments by Clancy and by McKay of their interests under said agreement to Richards & Smith, Stannard, and Buhler, so that the interests of the several parties under said agreement were as follows: Defendants, Richards & Smith, E. Stannard, and Daniel Buhler, each 5-18; and the firm of Hubbell & Porter, 3-18. That one of the vessels advertised for sale by the government, as stated in said agreement and referred to therein, was the steamer Florida. That on February 14, 1885, said steamer was sold by the United States to the defendants for the sum of $42,000. That the vessels mentioned in said agreement, including the Florida, were chiefly valuable to break up and sell. That the parties to said agreement lived under it, and

carried it into effect, during several years, as to various vessels purchased by them from the government. That the Florida, so purchased by defendants, was included in said agreement, and that by said purchase Buhler became owner of a 5-18 interest therein. That defendants have refused to recognize Buhler's interest in the Florida, or her proceeds of sale. That, though not called upon to pay his share of the purchase money of the Florida, Buhler has nevertheless tendered to the defendants his certified check for $21,000, which more than covered his share of the purchase money, which tender defendants refused. That defendants have broken up the Florida, and sold the machinery, metal, and material thereof, and realized an amount largely in excess of the purchase price. That Buhler, under said agreement, was at once entitled to 5-18 of the net profits of the transaction, and to an account thereof, and that defendants made themselves trustees and agents for him in said transaction, and liable to him to the extent of his 5-18 interest therein. That Buhler has assigned his interest to plaintiff, and she prays for an accounting, and for judgment for such sum as may be found due to her. The defendants demur for defect of parties, "inasmuch as it appears upon the face of the complaint that Elbert Stannard and the members of the firm of Hubbell & Porter are necessary parties to this action." The demurrer was overruled at special term, and defendants appeal.

The one question for our determination on this appeal is, does it appear upon the face of the complaint that Stannard and Hubbell & Porter are necessary parties to the action? A careful examination of the complaint fails to disclose to us that the presence of Stannard and of Hubbell & Porter as parties to this action is necessary to the determination of plaintiff's alleged cause of action, or that the court cannot completely determine the controversy between the plaintiff and the defendants without prejudice to any possible rights of Stannard or of Hubbell & Porter. There is no allegation in the complaint that Stannard and Hubbell & Porter, or either of them, have sought or claimed any interest in the purchase of the Florida, or that they have paid, or offered to pay, their shares of the purchase money, or that they have any subsisting interest in said purchase, or that they have not been paid any shares of any profits they might be entitled to, nor is any claim made by plaintiff against them. Assuming that they had been made parties to the action, it is difficult to see what defense they would have been called upon to make to the complaint as it now stands. The learned counsel for the appellants cites several authorities to sustain his contention that in an action relating to personalty all the tenants in common must join. An examination of those authorities shows that this rule only applies where the action is brought against a third person, as for injuries to a chattel, or for its conversion, and it does not apply to an action between two or more tenants in common. The case of *Dean* v. *Chamberlin*, 6 Duer, 691, relied on by appellants, is not in point. There, defendant was to account to plaintiff and 9 others, harbor-masters of the port of New York, for the fees which defendant was employed by them all to collect for their account, and for which he was to account to them severally; and the complaint alleged the interests of the whole 11 in the fund so collected. In the case at bar, as before stated, the complaint fails to show upon its face that the parties not joined have or claim any interest in the proceeds of sale of the Florida, and are necessary parties to the action. If the complaint alleged such an interest, then the demurrer would be well taken.

We fail to see any reason why, on the allegations of the complaint, plaintiff may not prosecute her alleged cause of action, and obtain an adjudication thereon, free from any possible claim of the other parties to the agreement. There is no community of interest between her and the other parties. Her share is a distinct and definite interest, readily ascertainable upon an accounting showing the profits, if any, upon the breaking up and sale of the material in the Florida. In such a case each tenant in common may demand of his

co-tenant, having possession of the whole, his share, and, upon refusal or a conversion by such co-tenant, may sue in his own name, without joining all the other co-tenants. *Stall* v. *Wilbur,* 77 N. Y. 158. Section 452 of the Code of Civil Procedure provides that "the court may determine the controversy, as between the parties before it, where it can do so without prejudice to the rights of others, or by saving their rights; but, where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in." We are of the opinion that the above-quoted section of the Code is applicable here. So far as the complaint shows, the controversy between the plaintiff and the defendants can be determined without prejudice to the rights of Stannard or of Hubbell & Porter. If defendants can show that a complete determination of the controversy cannot be had without their presence, their remedy is to apply under this section of the Code, and not by demurrer. We are accordingly of the opinion that the judgment overruling the demurrer should be affirmed, with costs, with the usual leave to the defendants to withdraw the demurrer, and answer, as provided in the judgment appealed from.