J. E. JALUFKA ET AL. v. GEORGE MATEJEK ET AL.

Decided January 18, 1900.

1. Jurisdiction of County Court—Amount—Contribution by Sureties.

Where sureties on a bond are sued in the county court for contribution, the amount which determines the jurisdiction is the sum due by all the defendant sureties, and not the proportionate amount due by each.

2. Same—Parties—Joinder.

In an action against sureties for contribution, all those who have not paid their proportionate part are properly joined as defendants to avoid multiplicity of suits. Following Mateer v. Cockrell, 18 Texas Civil Appeals, 391.

APPEAL from the County Court of Lavaca. Tried below before Hon. D. A. PAULUS.

*Marcus Schwartz,* for appellants.

PLEASANTS, ASSOCIATE JUSTICE.—The petition in this case alleges that appellants and appellees were sureties on the official bond of the tax collector of Lavaca County; that said collector became a defaulter to said county in the sum of $1632.15, for which appellants and appellees became by the execution of said bond jointly and severally liable; that said collector has fled the county and is insolvent; that appellants paid their porportionate share of said defalcation on the 3d day of October, 1898, but appellees failed to pay their portion of same, and that appellants were notified by the county attorney of said county that they must pay the balance due on said bond by reason of the failure of appellees to pay the amount due by them; that appellants did, on the 26th day of June, 1899, pay to said county of Lavaca the amount so due upon said bond by appellees, and that appellees have never repaid appellants said amount. The amount due by each of the appellees is stated in the

petition as $125.55, and this suit is brought to recover said amount from each of said appellees. In the court below appellees filed separate answers and each excepted to the petition; first, because it shows upon its face that the amount in controversy is less than the amount necessary to give the county court jurisdiction of the case; and second, because the petition shows a misjoinder of parties defendant. Both of these exceptions were sustained by the trial court, and the suit dismissed; and from this judgment appellants have appealed to this court, and by proper assignments raise the question of the correctness of said judgment. ·

The trial court erred in sustaining said exceptions to the petition. In the case of Mateer v. Cockrill, 18 Texas Civil Appeals, 391, which was a suit by some of the joint obligors on a contract guarantying the payment of a railroad bonus, for contribution against others of said obligors who had not paid their portion of said guaranty, this court held that the amount in controversy by which the jurisdiction of the court was determined was the amount claimed in the petition by all of the plaintiffs, and not the amount alleged to be due to each; and also that all of the joint obligors who had not paid their portion of the guaranty were properly joined in the suit. It follows from this that the amount claimed in this case from both defendants is the amount in controversy, and determines the jurisdiction of the court. The opinion in the case above mentioned is based upon the broad principle that the right to contribution between joint obligors being an equitable remedy, the rules of equity pleading are applicable to such cases. "In equity a bill is not demurrable because the subject matter of litigation might be made the occasion of numerous suits at law, for one ground of exclusive equity jurisdiction is the prevention of a multiplicity of suits. The rule that all who are interested in the subject matter of the suit must be parties has its origin in considerations of justice and convenience for all concerned, and has for its object the prevention of circuity of action and the multiplicity of suits." The judgment of the lower court must be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*