## SLATON v. ANTHONY.

(Court of Civil Appeals of Texas. Amarillo. Dec. 9, 1911. Rehearing Denied Jan. 19, 1912.)

1. CONTRIBUTION (§ 9*)—JOINT OBLIGORS— MISJOINDER OF PARTIES PLAINTIFF.

Under the rule that all persons who have a legal or beneficial interest in the subject-matter of a suit, should be made parties, two joint makers who discharged a note upon which they and others were bound, are properly joined as plaintiffs in an action against the remaining obligors for contribution.

[Ed. Note.—For other cases, see Contribution, Cent. Dig. §§ 16–22; Dec. Dig. § 9.*]

2. EQUITY (§ 219*)—PLEADING—GROUNDS OF DEMURRER.

A bill is not demurrable because its subject-matter might have been the occasion of numerous suits at law, for the prevention of a multiplicity of suits is a ground of equitable jurisdiction.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 498–500; Dec. Dig. § 219.*]

3. ACTION (§ 50*)—MISJOINDER—CONTRIBUTION—JOINT OBLIGORS.

Where several persons executed and delivered a joint and several note and two of the makers paid it, there was no misjoinder of actions in their suing the remaining comakers for contribution, for the liability of the comakers depended upon the original obligation.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 511–547; Dec. Dig. § 50.*]

4. PARTIES (§ 1*) — PLEADING — PROPER PARTIES IN EQUITY.

All persons who may be affected by a decree are proper, though they may not be necessary, parties.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 1; Dec. Dig. § 1.*]

5. VENUE (§ 22*)—RESIDENCE OF PARTIES— ACTIONS AGAINST NONRESIDENTS.

Where defendant was sued in a county in which he did not reside, evidence *held* to warrant a finding that another defendant, when sued and cited, was a resident of the county in which the venue was laid.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 35–37; Dec. Dig. § 22.*]

6. VENUE (§ 22*)—DOMICILE OF PARTIES— ACTION AGAINST NONRESIDENTS.

A defendant who did not reside in the county in which the suit was instituted cannot object to the venue merely because pending trial, the resident defendant settled the case, and was released.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 35–37; Dec. Dig. § 22.*]

Appeal from District Court, Potter County; W. M. Whitmire, Special Judge.

Action by Louis Anthony and another against John P. Slaton and others. From a judgment for plaintiffs, defendant Slaton appeals. Affirmed.

Reeder & Graham, for appellant. Madden, Trulove & Kimbrough and H. C. Pipkin, for appellees.

PRESLER, J. On July 17, 1907, Louis Anthony, W. G. Ross, W. E. Robertson, Ira Webster, O. H. Rheinhardt, and John P. Slaton executed and delivered a joint and several note to the Western Bank and Trust Company, for the sum of $3,500, payable at Amarillo, in Potter county, Tex., 90 days after date. After some extensions and payments of interest Louis Anthony, on the refusal of the bank to extend further time and in order to prevent suit, paid off the note. A few days thereafter, the defendant W. G. Ross contributed to the payment of said note by paying said Anthony one-half of the amount paid out by him to the bank, and it was agreed between them that suit should be brought against the other makers of the note for contribution, and that they would share equally in the reimbursement arising from said contribution. This suit was begun in the district court of Potter county on December 17, 1908, by said Louis Anthony and W. G. Ross jointly suing W. E. Robertson, Ira Webster, O. H. Rheinhardt, and John P. Slaton, and we concluded from an inspection of the petition filed by plaintiffs that the suit is essentially one for contribution against the defendants named on account of their joint and several liability, originating under the note set out in the petition, the execution of which is pleaded. The residence of the defendant Ira Webster was alleged to be in Potter county, Tex., the residence of John P. Slaton in Deaf Smith county, Tex., the residence of W. E. Robertson in El Paso county, Tex., and the residence of O. H. Rheinhardt in the state of Indiana. The defendant, John P. Slaton, who alone appeals from the judgment of the court below, answered first by a plea of privilege to be sued in Deaf Smith county, and the same having been overruled by the court, he further answered alleging a misjoinder of parties, plaintiff and defendant, and by special exceptions to the effect that plaintiff's pleadings failed to show whether a recovery was sought on the note or on assumpsit, and also pleaded a general denial. On the conclusion of the evidence and argument on the merits of the case, the court gave peremptory instruction for the plaintiffs jointly and against the defendant John P. Slaton, for the sum of $700.30, and in favor of the defendant Ira Webster, that plaintiffs take nothing as against the said defendant. A dismissal having been taken by plaintiffs as to the defendant O. H. Rheinhardt, no judgment was rendered against him and a default judgment was also taken as to the defendant W. E. Robertson, for the sum of $700.30. The defendant John P. Slaton alone appealed from the judgment rendered. The appellant Slaton, under his first, third, and fourth assignments of error, complains substantially of the same matter; that is, an alleged misjoinder of parties defendant, and that there was no such joint liability shown by the record or the evidence in this case as would authorize suit to be maintained against him in Potter county, over his plea of privilege to be sued in the county of his residence, and under said assignments in

various forms, contends that upon the payment of the note by the plaintiff Anthony, the liability of appellant arose under the implied agreement of the comakers of said note, and that the action here brought is one in assumpsit, and not upon the original written instrument, and that his liability to contribute to the reimbursement of plaintiffs or either of them, if any, was several and not joint, as between himself and the other defendants in this suit, and could only be maintained under his plea of privilege and the evidence in support thereof in the county of his residence, to wit, Deaf Smith county.

[1] Appellant, by his second assignment of error, also complains of a misjoinder of parties plaintiff and of causes of action. Upon an extended examination of the authorities bearing upon the questions raised under appellants said assignment of error, we are of the opinion that neither of appellant's contentions thereunder can be maintained, and that there is no merit in his various pleas of misjoinder of parties or causes of action, and upon the pleadings and the evidence in this case the court properly overruled appellant's plea of privilege to be sued in the county of his residence, and that upon the whole record there is no reversible error shown in the judgment appealed from.

As stated in the case of Mateer v. Cockrill, 18 Tex. Civ. App. 391, 45 S. W. 753, which was a suit for contribution brought by obligors who had discharged the obligation against the remaining and defaulting co-obligors jointly, "Our rules of practice are very analagous to those which obtain in the courts of equity of England and of the United States. The general rule as to the joinder of parties both in this state and in the courts of equity, is that in case of joint interests, joint obligations and contracts, and joint claims, duties, and liabilities, all the joint owners, joint contractors, and others having a community interest in duties, claims, or liabilities, who may be affected by the decree, should be made parties to the suit. The rule is often more succinctly stated thus: 'All persons who have a legal or beneficial interest in the subject-matter of the suit should be made parties, either plaintiffs or defendants.' The subject-matter of this suit is the enforcement of contribution between joint obligors, where some of the obligors have discharged the joint obligation without assistance from the others. The rule that all who are interested in the subject-matter of the suit must be parties has its origin in consideration of justice and convenience for all concerned, and has for its object the prevention of circuity of action and the multiplicity of suits. We are of the opinion that there is no misjoinder of parties in this suit. Vide Story, Eq. Pl. 159, 162, 169. It was only the courts of equity originally which enforced contribution between joint obligors, and, while such relief is now administered by courts of law, such relief is still a subject of equity jurisdiction. Such being the case, equity pleadings are specially applicable to this case.

[2] And in equity a bill is not demurrable because the subject-matter of litigation might be made the occasion of numerous suits at law, for one ground of exclusive equity jurisdiction is the prevention of a multiplicity of suits. Thus, the very thing which the appellants insist should have been done by the appellees, equity condemns.

[3] We do not think there was a misjoinder of actions by plaintiffs, nor that their petition should be held bad for multifariousness. Clegg v. Varnell, 18 Tex. 294; Craddock v. Goodwin, 54 Tex. 578. Multifariousness is an objection to a petition which seems not generally to have been considered by our courts with much favor or liberality. If we are correct in our conclusions as to the first assignment of error, the second assignment cannot be sustained.

The third assignment is that the court erred in overruling defendant's plea of the jurisdiction of the court. Our disposition of the first assignment makes it unnecessary to discuss the third. It is necessarily without merit, if there was no misjoinder of parties to the suit, and the petition was not bad for misjoinder of actions or multifariousness.

And again, in Jarvis v. Matson, 94 S. W. 1079, it is held that in a suit on bond for contribution all of the plaintiffs co-obligors may be joined as defendants and the jurisdiction of the court would be determined by the amount claimed from all the defendants and not by the share respectively shown to be due from each. Citing, also, the case of Jalufke et al. v. Matejek et al., 22 Tex. Civ. App. 384, 55 S. W. 395, which was a suit filed in the county court for contribution between sureties on a defaulting tax collector's bond, the appellants alleged that they had paid their proportional share of the defalcation, but that appellees had failed to pay their portion of the same, and it was alleged that the amount due by each of the appellees was $125.55. The petition in this case was excepted to on the ground that it showed on its face that the amount in controversy was less than the amount necessary to give the court jurisdiction of the case, but the Court of Civil Appeals held that the amount due from each of the appellees as their share of the contribution might be added to determine the jurisdiction of the court, and that the sum of such addition would determine the jurisdiction of the court and that there was no misjoinder of parties or causes of action. Also in the case of Webster et al. v. Frazier et al., 139 S. W. 609, the Court of Civil Appeals for the Second District held that in an action for contribution by parties who had paid notes against other comakers of said notes, who had failed to pay their proportional share, that the defendants had no right to be proceeded against separately and might be joined as parties defendant, saying: "There is no merit in the defend-

ant's exceptions, presenting the question that as plaintiffs' right of action was not on the notes, but on defendants' implied contract for contribution, the defendants had the right to be sued separately, and that there was a misjoinder of parties defendant and of causes of action"—and citing Jarvis v. Matson, 94 S. W. 1079, and Wilson v. Lowrie, 40 S. W. 854. Again, we find the case of Rush v. Bishop, 60 Tex. 177, in line with the decisions above considered, and perhaps more analogous and clearly decisive of the questions raised in the case at bar, especially as to defendants' plea of personal privilege. This is a decision rendered by the Commission of Appeals and approved by the Supreme Court, October 16, 1883. The facts as stated show that Bishop brought this suit against Rush and two others for contribution on an administrator's bond, upon which all are sureties, alleging the execution of the bond, death and insolvency of the principal, suit and judgment against some of the sureties in the federal court, and the payment of said judgment by himself. Also admitted the payment to him by Burris, one of the sureties; prayed for an adjustment of the equities between the parties and judgment accordingly; that Rush lived in Wise county and the other two sureties in Karnes county, where the suit was brought. Rush alone answered. He specially excepted on the ground that the action was several and not joint, and that he should have been sued in Wise county. This exception was overruled, and upon hearing judgment was rendered in accordance with the prayer of the petition, and the overruling of the exception of Rush was relied upon for a reversal. The court said: "But one question is presented by the record for determination, and that is: Was the plaintiff in error properly joined as a defendant in this suit? The statute provides that where there are two or more defendants residing in different counties the suit may be brought in the county where either of the defendants reside. If therefore the several defendants could be joined in this case, then undoubtedly the suit was properly brought against all of the defendants in Karnes county."

[4] As was truly remarked by the court in Clegg v. Varnell, 18 Tex. 304, "the rule against multiplicity of suit has peculiar force in our system of decision. Within reasonable limits, it is the cardinal principle as to joinder of parties and causes of action. Even jurisdictions which are distinct and separate in other states are blended in our system, and legal and equitable causes of action and grounds of defense may be adjusted in a single controversy. From the nature of the subject, the joinder of parties and causes of action must be left largely to the discretion of the trial court, the exercise of which will not be revised unless a palpable abuse of it is shown. In chancery practice all persons who might be affected by the decree are proper, though they may not be necessary parties to the suit. The doctrine of law is that the undertaking which is to serve as a foundation for an action for contribution must import a joint liability. * * * As a basis for contribution, the defendant in error relies upon the administrator's bond which in the terms of the law is a joint obligation, and as the liability of the cosureties for a contribution depends upon the terms and effect of the original undertaking, so it seems that the original undertaking should be considered in determining the question of the joinder of parties. It is alleged in this case that the principal on the bond died insolvent and admitted payment of a certain amount by one of the cosureties, and an adjustment of the equities between the parties, and judgment accordingly was prayed for. Under the circumstances of this case we are of the opinion that the plaintiff in error was properly joined as a defendant in this case, and that the court did not err in overruling his exceptions to the petition."

As in the case above considered, while the action in this case must be held to be not upon the note but upon the implied agreement of the comakers, to reimburse, or for contribution to the makers paying the same, we are of the opinion that the rights and relation of the several defendants to each other and to the plaintiffs in the matter of contribution, in this case can only be determined by looking to the terms of the original obligation, and that the liability to contribute to the paying obligors or makers of said note on the part of the defaulting obligors remained joint and several as it was in the original obligation.

[5] Under appellant's contention as to his statutory right to be sued in the county of his residence in this case, predicated upon the alleged misjoinder of parties defendant, appellant contends that the only defendant sued who is alleged to have been a resident of Potter county, as shown by the evidence, removed from Potter county, before service of citation in this case was had on said defendant Webster, and that in legal effect the suit was brought in a county where neither of the defendants sued resided. And in support of this contention, appellant, upon the trial of the case, introduced the supplemental petition of appellees, wherein it is alleged that no service of citation had been had upon the defendant Webster, and that he was to be found in Cameron county, Tex. Against this evidence, the defendant Webster testified that he was twice served with citation in this case; once before he moved to Cameron county, and while a resident of Potter county, and again after he had removed to Cameron county. We conclude that this condition of the evidence supports the finding of the court necessarily involved in the judgment rendered to the effect that the defendant Webster, when sued

and cited, was a resident of Potter county, in which county the suit was brought.

[6] It is also shown by the evidence that after suit was brought and pending its determination, the defendant Webster settled with appellees for his liability to contribute to their reimbursement and that said appellees agreed to release said defendant and hold him harmless against his said liability, and appellant contends that because of such settlement and release appellees could not thereafter enforce any contribution as against either of the other defendants. We do not think, however, that the legal principle sought to be invoked is applicable to the facts of this case. It does not appear that the appellant Slaton was in any way injured by this settlement with his codefendant, made pending the suit, or that because thereof his (Slaton's) liability, which was determined and adjudicated in the action then pending, was in any way increased. As above stated, finding no reversible error assigned by appellants or shown by the record, we are of the opinion that the judgment appealed from should be, in all things, affirmed, and it is accordingly so ordered.

GRAHAM, C. J., not sitting.