**ERESCH et al. v. BRAECKLEIN et al.**

No. 2569.

Circuit Court of Appeals, Tenth Circuit.

Jan. 13, 1943.

Justin D. Bowersock, of Kansas City, Mo., and E. H. Hatcher, of Topeka, Kan., for appellants.

Charles M. Miller, of Kansas City, Mo. (Hale Houts and Omar E. Robinson, both of Kansas City, Mo., on the brief), for appellees.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

This is an appeal from a decree of the District Court of the United States for the District of Kansas in a suit for equitable contribution brought by thirty-four Missouri stockholders of the defunct Continental National Bank of Kansas City, Missouri (herein called the bank), against

forty-six defendant shareholders of the bank, all residing in Kansas. The parties will be referred to as they appeared in the court below. Since the filing of the notice of appeal, all of the defendants save George F. Eresch, Josie Eresch, Peter Eresch, Una S. Gage, H. Heiman, Ralph Hepperly, C. W. Hyre, J. J. Kindscher, James McLeish, John Ruppenthal, Goldie F. Schaal and W. A. Schaal, have dismissed their appeals, and the appeal is being prosecuted only by these remaining defendants.

The bank ceased operating as such October 17, 1922, and on January 2, 1923, by a vote of the stockholders proceeded to a voluntary liquidation. Pending the liquidation, the Holland Banking Company filed an action against the bank and certain Missouri stockholders, in the nature of a creditor's bill, in the United States District Court for the Western District of Missouri. Ultimately in that action judgment was entered for the Holland Banking Company for $141,554.25. In that action, the court made a one hundred per cent assessment against all stockholders of record as of January 2, 1923, and adjudged that the Holland Banking Company recover its judgment therefrom. The judgment decreed the amount to be paid by each stockholder upon whom process had been served. Thereafter plaintiffs in this action compromised the judgment against them by paying seventy per cent thereof. The balance of the judgment was collected from other defendants.

The stockholders who compromised the Missouri judgment by payment of seventy per cent then instituted this action against forty-six shareholders of the bank, residing in Kansas, for contribution. The trial court found that the net payment made by plaintiffs in satisfaction of the Missouri judgment was 37.156% of the par value of all outstanding stock. Judgment was entered against thirty-six of the forty-six defendants for 37.156% of the 100% shareholders' liability, aggregating $47,485.37, and for their proportionate share of the costs on the same basis. The fifth paragraph of the judgment further provided that in the event of failure to collect the judgment against any of the defendants in this action, plaintiff should have a further judgment against the remaining solvent Kansas defendants for such additional amounts as would put plaintiffs and the solvent defendants in this action in equality in respect to the amount paid by them. The court retained jurisdiction for the purpose of rendering such further judgment if necessary.

It is first urged that the court lacked jurisdiction for the reason that the claims of the respective plaintiffs and the liabilities of the defendants were several and that they could not be joined to make the requisite jurisdictional amount.

■ It is the rule without exception that separate and distinct claims of or against several parties may not be joined in a single action to satisfy jurisdictional requirements. If each of the plaintiffs sought a personal judgment against each of the defendants for his share of contribution to him, then the court was without jurisdiction because the claims against the individual stockholders were for less than the requisite jurisdictional amount.

■ But this is not such an action. What the plaintiffs in this action sought was the creation of a fund by a ratable contribution from the Kansas stockholders to be distributed by the judgment of the court among the plaintiffs. The amount in controversy was the size of the fund necessary to put the plaintiff and defendant stockholders on a parity basis. While the claims of plaintiffs were separable between them, they nevertheless had a common and undivided interest in the fund. Each plaintiff had a right of contribution from each defendant. This right could be enforced only if each defendant was compelled to ratably contribute to a common fund which in turn would then be distributed to each plaintiff. We conclude that the requisite jurisdictional amount was present. See Robertson v. Conway, 6 Cir., 188 F. 579; Reagan v. Midland Packing Co., D.C., 298 F. 500; Page v. Jones, 8 Cir., 7 F.2d 541; Shields v. Thomas, 17 How. 3, 58 U.S. 3, 15 L.Ed. 93; Handley v. Stutz, 137 U.S. 366, 11 S. Ct. 117, 34 L.Ed. 706; and Troy Bank v. G. A. Whitehead & Co., 222 U.S. 39, 32 S.Ct. 9, 56 L.Ed. 81.

■ It is also contended that there was no equity in the bill because the plaintiff stockholders did not exhaust their remedies against the co-defendants in the Missouri action and also failed to take judgment against ten of the forty-six Kansas defendant stockholders. Conceding, without deciding, that defendants are correct in this contention, it avails them nothing. In rendering judgment against defendants the

factor used by the court was the percentage of contribution required from all of the outstanding stock in order to place all stockholders on a basis of equality. It follows that the amount for which judgment was rendered against the defendants was no greater than it would have been had judgment been entered against all of the stockholders of the bank.

It is true that the judgment in the court below is not a final judgment and that the court reserved jurisdiction to increase it in case the judgments against some of the defendants cannot be collected. Should this be done, defendants might be injured by failure to take judgment against all of the defendants. However, plaintiffs in their brief and in the argument before this court stated that they had settled with some of the defendants and as to them had waived any right to an increase in the judgment and offered to waive any right to any increase in the judgment against these appealing defendants. In view of this offer of waiver, the judgment of the lower court will be modified in this respect, and it then follows that appellants can in no case be injured by failure to take judgment against all defendants.

Finally, it is urged that certain plaintiffs are not entitled to recover because they come into this action with unclean hands. This charge is based on the ground that these plaintiffs were directors in the bank and negligently failed to perform their duties as such, to the injury of the bank. It is well settled that it is only fraud or willful misconduct which bars one from recovering in a court of equity under the maxim, "He who comes into equity must come with clean hands." The maxim refers to willful misconduct rather than merely negligent misconduct. 30 C.J.S., Equity, § 95a. Here there is no charge or proof of willful, malicious or fraudulent conduct. The most that can be said is that the directors were negligent in the discharge of some of their duties as such. Furthermore, the trial court found that the claim of the Holland Banking Company did not arise by virtue of any of the acts of negligence charged to the plaintiff directors. The alleged wrongful conduct of the complainant not having injured, damaged, or prejudiced the defendant, the maxim may not be invoked. 19 Am.Jur., Equity, § 474; 30 C.J.S., Equity, § 98c.

The judgment is therefore modified by striking therefrom Paragraph 5 in which the trial court reserved jurisdiction to modify the judgment entered against the defendants, and the cause is remanded with directions to amend the final judgment by striking Paragraph 5 therefrom.

As so modified and amended, the judgment is affirmed.

PHILLIPS, Circuit Judge (concurring).

This is a suit in equity for contribution brought by obligors who had discharged their obligation to the Holland Banking Company. Under settled principles, it was proper to join all the other solvent obligors within the jurisdiction and have determined the amount of a common fund which would satisfy the plaintiffs' right to contribution and the pro rata share each defendant should contribute thereto.[1] Hence, I think the amount in controversy is measured by the size of the common fund and not the pro rata share of each defendant.[2]

---

[1] Taylor v. Everett, 188 N.C. 247, 124 S.E. 316, 324; Mateer v. Cockrill, 18 Tex.Civ.App. 391, 45 S.W. 751, 752, 753; Webster v. Frazier, Tex.Civ.App., 139 S. W. 609, 610; Jalufka v. Matejek, 22 Tex. Civ.App. 384, 55 S.W. 395; Jarvis v. Matson, Tex.Civ.App., 94 S.W. 1079; Carr v. Waldron, 44 Mo. 393.
See Young v. Lyons, 8 Gill, Md., 162.

[2] Jarvis v. Matson, supra; Jalufka v. Matejek, supra.