**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 21, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BENJAMIN S. CARSON, Secretary of
Housing and Urban Development,

     Plaintiff - Appellee,

v.

WILLIAM J. GOLZ,

     Defendant - Appellant,

and

MARCUS GOLZ; MATTHEW J. GOLZ,

     Defendants.

No. 19-1242
(D.C. No. 1:17-CV-01152-RBJ-MEH)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Pro se appellant William J. Golz, Ph.D., appeals from the district court's

judgment in favor of the Secretary of Housing and Urban Development (HUD) in this

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

foreclosure action under 42 U.S.C. § 3535(i). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## DISCUSSION

The parties are familiar with the facts, and we do not repeat them here. Dr. Golz argues that the district court usurped a probate court's jurisdiction when it delayed a ruling and that it erred in striking his affirmative defenses and in denying him leave to file a second amended answer and counterclaims. He further argues that this court should apply the unclean hands doctrine to sanction HUD for certain post-judgment arguments in the district court. Because Dr. Golz proceeds pro se, we construe his filings liberally, but he must comply with the same rules as other litigants. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). We do not act as his "attorney in constructing arguments and searching the record." *Id.*

## I.     Alleged Judicial Usurpation

Dr. Golz first argues that the district court usurped an Arizona probate court's jurisdiction when it delayed in dismissing the Estate of Verna Mae Golz (the Estate) as a defendant. A threshold issue is Dr. Golz's standing to appeal from a decision regarding the Estate. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997) ("The standing Article III requires must be met by persons seeking appellate review, just as it must be met by persons appearing in courts of first instance.").

The appellant here is Dr. Golz individually, not Dr. Golz as the personal representative of the Estate. Therefore, to challenge the delay in dismissing the

2

Estate, Dr. Golz must show he individually suffered injury from the delay. *See Thomas v. Metro. Life Ins. Co.*, 631 F.3d 1153, 1159 (10th Cir. 2011). ("[T]o have standing on appeal, one must be aggrieved by the order from which appeal is taken. . . . [P]arties generally do not have standing to appeal in order to protect the rights of third parties." (brackets and internal quotation marks omitted)). He has failed to do so. His averments of judicial usurpation do not establish any harm to him individually. And although he states that during the delay he could not amend pleadings to which the Estate was a party, he has not identified any authority restricting him, individually, from taking any action in the course of representing himself. Dr. Golz therefore has not established his standing to appeal from the delay in dismissing the Estate as a defendant.

## II.     Striking Affirmative Defenses

Dr. Golz next challenges the district court's grant of HUD's Fed. R. Civ. P. 12(f) motion to strike his affirmative defenses of equitable estoppel and unclean hands. Although we generally review a decision on a motion to strike for abuse of discretion, *see Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir. 1994), here the district court considered evidence outside the pleadings and applied a summary-judgment standard. We therefore review the decision de novo. *See Whitesel v. Sengenberger*, 222 F.3d 861, 866 (10th Cir. 2000) (applying de novo review where district court converted motion to dismiss into motion for summary judgment).

3

## A.    Estoppel

The district court followed *FDIC v. Hulsey*, 22 F.3d 1472, 1489-90 (10th Cir. 1994), which holds that a party seeking to establish estoppel against the government must show affirmative misconduct.  Dr. Golz argues that *Hulsey* is inapplicable because HUD's funds are not appropriated from the public treasury, but come from mortgage insurance premiums.  He further posits that HUD should be subject to equitable defenses because, in this case, it is acting in the nature of a private party seeking to enforce a contract.

*Hulsey* recognized that "[c]ourts generally disfavor the application of the estoppel doctrine against the government and invoke it only when it does not frustrate the purpose of the statutes expressing the will of Congress or unduly undermine the enforcement of the public laws."  *Id.* at 1489.  "It is far from clear that the Supreme Court would ever allow an estoppel defense against the government under any set of circumstances."  *Id.* at 1490.  "However, even assuming estoppel could be applicable," *Hulsey* continued, "the Court has indicated that there must be a showing of affirmative misconduct on the part of the government."  *Id.*

We are not persuaded by Dr. Golz's attempts to distinguish *Hulsey*.  To the contrary, we see no reason why *Hulsey* should not apply.  *See Wade Pediatrics v. Dep't of Health & Human Servs.*, 567 F.3d 1202, 1206 (10th Cir. 2009) ("Courts are parsimonious about estoppel claims against the government for good reason . . . ."); *Bd. of Cty. Comm'rs v. Isaac*, 18 F.3d 1492, 1498 (10th Cir. 1994) ("[T]he Supreme Court has alerted the judiciary that equitable estoppel against the government is an

4

extraordinary remedy."). Further, we agree with the district court that Dr. Golz failed to show affirmative misconduct by HUD. *See Hulsey*, 22 F.3d at 1490 ("[T]he erroneous advice of a government agent does not reach the level of affirmative misconduct."); *Isaac*, 18 F.3d at 1499 ("Mere negligence, delay, inaction, or failure to follow agency guidelines does not constitute affirmative misconduct."). Accordingly, the court did not err in striking the estoppel defense.

### B. Unclean Hands

Dr. Golz asserts that HUD has unclean hands because it communicated in bad faith before ultimately filing for foreclosure and its agents committed trespass on the property. The magistrate judge doubted that unclean hands could apply to a foreclosure by HUD, but the district court assumed without deciding that the defense could apply. It held that Dr. Golz must show fraudulent and deceitful conduct, which must be pleaded with particularity. It concluded that "[t]he accusation that HUD acted in bad faith bordering on fraud is a conclusory allegation for which neither [the magistrate judge] nor [the district court] have found supportive facts alleged with particularity in the Amended Answer." R. Vol. 2 at 417.

Like the district court, we assume without deciding that the defense of unclean hands is not categorically barred against the government. *See Deseret Apartments, Inc. v. United States*, 250 F.2d 457, 458 (10th Cir. 1957) ("[T]he Government may not invoke the aid of a court of equity if for any reason its conduct is such that it must be said it comes into court with unclean hands."). *But see id.* (recognizing that equitable principles "will not be applied to frustrate the purpose of [the United

5

States'] laws or to thwart public policy" (internal quotation marks omitted));

*McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 360 (1995) (stating that

"unclean hands . . . has not been applied where Congress authorizes broad equitable

relief to serve important national policies").  Having reviewed the arguments and

record, however, we are not persuaded that Dr. Golz satisfies the high standard for

proceeding with the defense, either with regard to HUD's pre-foreclosure

communications, *see Eresch v. Braecklein*, 133 F.2d 12, 14 (10th Cir. 1943) ("The

[unclean hands] maxim refers to willful misconduct rather than merely negligent

misconduct."), or its alleged trespasses, *see Ohio Oil Co. v. Sharp*, 135 F.2d 303,

308-09 (10th Cir. 1943) ("[N]ot every actionable wrong amounting to a trespass or an

invasion of the property rights of others is iniquitous, inequitable or unconscionable,"

such as "to repel [the plaintiff] from a court of equity.").  Accordingly, the district

court did not err in striking the unclean hands defense.

## III.    Denial of Leave to Amend

Dr. Golz further argues that the district court erred in denying him leave to file

a second amended answer and counterclaims.  The district court found the request

"was filed with unjustified delay, with a dilatory or bad faith motive and would be

futile."  R. Vol. 3 at 357.  Because we need not go beyond the district court's first

reason, unjustified delay, our review is for abuse of discretion.  *See Miller ex rel.

S.M. v. Bd. of Educ.*, 565 F.3d 1232, 1249 (10th Cir. 2009).

"It is well settled in this circuit that untimeliness alone is a sufficient reason to

deny leave to amend, especially when the party filing the motion has no adequate

6

explanation for the delay." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993) (citations omitted). Dr. Golz asserts that he did not complete administrative presentment of his Federal Tort Claims Act (FTCA) counterclaim until December 2018, and then he brought the claim in January 2019.

Our review of the record indicates, however, that Dr. Golz did not properly present any FTCA counterclaim(s) at any time after December 2018. His January 2019 filings referred to potential counterclaims, but those filings were not motions to amend, as required by the court's rules. He first formally moved to amend his answer on April 1, 2019, the due date for his objections to the magistrate judge's recommendation that the district court grant HUD's motion for summary judgment. But that motion contemplated changes only to the factual recitations and the affirmative defenses the district court had stricken six months earlier. According to the title of the motion, with regard to counterclaims, Dr. Golz merely intended to give "Notice of Intent to File Counterclaims and Add an Intervenor by May 1, 2019." R. Vol. 3 at 205 (capitalization and boldface omitted). The body of the motion failed to address any proposed counterclaims, and the proposed second amended answer failed to set forth any counterclaims. A week later, Dr. Golz submitted a further amended proposed second amended answer, which also failed to set forth any counterclaims.

Further, by the time Dr. Golz moved to amend, the litigation was twenty-three months old, and four months had passed since the alleged FTCA counterclaim(s) had been administratively presented. He himself acknowledged that allowing amendment

7

would moot the then-pending motion for summary judgment and the magistrate judge's recommendation. Allowing amendment also would negate the district court's earlier decision to strike affirmative defenses. As the district court stated, nearly two years into the suit, "Dr. Golz . . . attempts to restart this litigation from ground zero." *Id.* at 359. Under these circumstances, we are not persuaded that the district court abused its discretion in concluding that Dr. Golz unduly delayed in moving to amend. Having upheld the decision on this ground, we need not consider the district court's other reasons for denying amendment.

## IV. Post-Judgment Conduct

Finally, Dr. Golz suggests the unclean hands doctrine should apply to sanction HUD for post-judgment arguments it made in the district court while seeking the court's approval of a judicial notice of sale. It does not appear that he made this argument in the district court. More importantly, even if he did raise the argument, we lack jurisdiction to hear it in this appeal.

This appeal arises from the notice of appeal Dr. Golz filed on July 8, 2019, from the final judgment and the orders denying his motion to alter or amend the judgment and his motion to correct the post-judgment order. The district court did not decide HUD's motion for approval until August 15, 2019, and Dr. Golz did not file a new or amended notice of appeal after the district court issued that order. We therefore lack jurisdiction to consider issues concerning that order. *See* Fed. R. App. P. 3; *Abbasid, Inc. v. First Nat'l Bank of Santa Fe*, 666 F.3d 691, 697 (10th Cir.

8

2012) ("A notice of appeal of a judgment or order is not effective with respect to judgments or orders entered after the challenged judgment or order.").

## CONCLUSION

The district court's judgment is affirmed. Dr. Golz's motion to file an oversize reply brief is granted. His two motions to certify questions of state law to the Colorado Supreme Court are denied. His motions to disqualify the Chief Judge of this court and the panel assigned to decide a prior mandamus petition, *see In re Golz*, No. 19-1083 (10th Cir. May 13, 2019) (unpublished order), are denied as moot.

Entered for the Court


Bobby R. Baldock
Circuit Judge